RALEIGH FLINT v. STATE.

196 So. 619
Division B
Opinion Filed May 31, 1940
Rehearing Denied June 21, 1940

*W. D. Bell* and *Watt Lawler,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* for Defendant in Error.

CHAPMAN, J.—On October 25, 1938, plaintiff in error, hereinafter referred to as defendant, was informed against in two counts for the larceny of a cow and calf in the Circuit Court of Lee County, Florida, and upon arraignment entered a plea of not guilty. He was placed upon trial and by a jury convicted under count one of the information and sentenced to serve a period of four years in the State Prison, and has perfected his appeal to this Court.

One of the first assignments of error argued is that the lower court erred in overruling and denying the motion of the defendant seasonably made for a continuance of the cause until the next regular or special term of the Court because of the absence of a necessary witness who had been under subpoena served upon him by the State requiring his presence to give testimony in behalf of the State, but the witness did not attend court and the defendant, relying on his attendance, was taken by surprise and asked or moved the Court for a continuance on this ground.

It was made to appear in the motion that the testimony to be given by the absent witness was material and the testimony could not be established by any other available witness. The cattle described in the information were delivered to the absent witness, Will Curry, by the Sheriff of Lee County, Florida, who placed the same in an enclosure about his home and some three or four days thereafter some one in the nighttime, drove the cattle away, and strong circumstances point to the fact that the same was done by the prosecuting witness Green, or at his direction. The materiality of this testimony is not clearly established by the motion for a continuance, unless it was the design or intention of the prosecuting witness to remove the cattle so that it would be impossible for a review thereof by disinterested witnesses or possibly a jury inspection of the alleged altered

ear marks and recent brand. It is quite true that the question involved is the ownership of the cattle described in the information. Service in a replevin suit on the part of the defendant as plaintiff was attempted on the Sheriff of Lee County when he placed the possession of the cattle with the absent witness Curry, and the Sheriff declined to accept service in the replevin suit because the possession of the cattle was removed from Will Curry the day before the Sheriff was requested to accept service.

The writer hereof is of the opinion that the recently altered marks and brands on the black cow described in the first count of the information were very material to the defense of the defendant. It is possible that disinterested witnesses, after inspecting the alleged altered marks and the changed brand on the cow, would have reached a different conclusion as to whether or not there was an alteration of the marks or an improper change in the brand. It is clear that such testimony could not be given if the animal alleged to have been stolen was not available for observation. The case here must turn on the ownership of the cow. The State witness Green claims to have raised the cow, while the defendant asserts that he raised the cow and that the marks of the cow were never altered, but admits a change in the brand. It is possible that the defendant was justified in assuming that the absent Will Curry would attend the trial in obedience to the subpoena issued by the State for him and that due diligence was exercised by the defendant in asking for a continuance of the trial after the defendant and counsel were informed that Will Curry would not attend the trial. An application for a continuance is addressed to the sound discretion of the trial court and on the record here it has not been made to appear that the trial court abused its discretion in denying the motion. See Moore v. State, 59

Fla. 23, 52 So. 971; Landrum v. State, 79 Fla. 189, 84 So. 535.

The testimony for the prosecution shows that the cow described in count one of the information was about six year of age, raised by the witness Green and placed in his mark and brand and that the cow was seen frequently on the range with other cattle of Green; that his employee dipped the cow in the latter part of 1936 or the early portion of 1937, when he saw the cow each week; he testified as to the ownership of the cow and identified her by marks and brands and by size and color.

The defendant testified that the cow was born near his home and raised in his herd, was six years of age and the marks had never been altered or changed, but he had recently branded the cow for his baby, then about 16 months of age; that the cow ranged about the home of the defendant and in his pasture when claimed by the prosecuting witness Green, and this cow with her calf and other cattle of defendant were driven from the pasture but only the black cow described in the information was claimed by Green. The defendant established his ownership by himself, wife and brother. The ownership of Green rested on the testimony of Green and Thomas. Several witnesses saw the cow in the defendant's pasture and described the marks and brands. The defendant testified that he marked and branded the calf at a different time, but the State established that the defendant stated when in the pasture he marked and branded the cow and calf at the same time.

The witness Green and defendant lived some few miles apart and their cattle ranged the area between their homes. Each had fenced pastures and the defendant's was almost two miles wide and three miles in length and the cow and calf in question were found in this pasture and taken by

the sheriff from the defendant without process and was never seen again by the defendant. The record failed to disclose the outcome of his replevin suit.

The intent to steal is a necessary ingredient of the offense of larceny. The burden rests upon the State to show that the property was taken *animo furandi* as an essential to conviction. If it appears that the taking was consistent with honest conduct, although the party charged with the crime may have been mistaken, he cannot be convicted of larceny. See Charles v. State, 36 Fla. 691, 18 So. 369.

We decline to express our conclusion as to the sufficiency of the evidence to sustain the verdict, but think the ends of justice require that the case should be resubmitted to another jury with appropriate instructions. The judgment appealed from is reversed and a new trial awarded.

TERRELL, C. J., BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in conclusion.

WHITFIELD, J., dissents.