F. T. KEMP, Appellant, v. STATE, Appellee.

200 So. 368

Special Division A

Opinion Filed February 11, 1941

102

*W. Robert Smith,* for Appellant;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Appellee.

BROWN, C. J.—The appellant, F. T. Kemp, was indicted on April 25, 1939, for the larceny of a bull. He was tried April 29, 1940, and a verdict of guilty was returned. From a judgment of conviction and sentence to imprisonment in the State penitentiary, this appeal is brought.

The defendant below questions the sufficiency of the evidence adduced by the State to show a felonious intent on his part to steal the bull and permanently deprive the owner thereof. One of the essential elements of larceny is an intent to feloniously deprive the owner permanntly of the property which is the subject of the lacreny, but whether such intent existed is a question of fact to be determined by the jury from all the circumstances of the case. Groover v. State, 82 Fla. 427, 90 So. 473; Gustine v. State, 86 Fla. 24, 97 So. 207. The burden rests on the State to show that the property was taken *animo furandi* as an essential to conviction. Charles v. State, 36 Fla. 691, 18 So. 369; Flint v. State, 143 Fla. 259, 196 So. 619.

The defendant admitted having the bull in his enclosure but explained that fact by stating that he had driven the bull to his place and put him in the pen for the purpose of servicing a milk cow that had come in heat. The defendant, with the assistance of two negroes, went to get the bull in the day time, openly and without any attempt at secrecy, and placed the bull in an open pen, 150 feet from and in full view of a main highway, with no subsequent attempt at concealment. When the sheriff arrived he admitted possession of the bull and also that the bull was owned by J. S. Niblack.

It is a settled rule of law that the unexplained possession of recently stolen property may be sufficient to sustain a verdict of guilty upon a charge of larceny. McDonald v. State, 56 Fla. 74, 47 So. 485; Tucker v. State, 86 Fla. 36, 96 So. 10; Bargesser v. State, 95 Fla. 401, 116 So. 11. The reasonableness of the accused's explanation of his possession of recently stolen goods, when he is charged with the theft of such property, is a question of fact, to be considered by the jury in connection with all other facts and circumstances submitted to them in the trial of the case. Tucker

v. State, *supra;* Bargesser v. State, *supra;* Kilcrease v. State, 97 Fla. 264; 117 So. 862. But where the taking is open and there is no subsequent attempt to conceal the property, and no denial, but an avowal, of the taking a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence before a conviction is authorized. Dean v. State, 41 Fla. 21, 26 So. 638; Cooper v. State, 82 Fla. 365.

We find no errors in the conduct of the trial or in the charge of the court to the jury, but nevertheless, without further discussing the evidence, and applying the above enunciated principles to the facts as disclosed by the record in this case, we think the motion for new trial should have been granted, and that the ends of justice will best be subserved by reversing the judgment of conviction and remanding the case, so that a new trial may be awarded. Dean v. State, *supra;* Flint v. State, *supra.*

Reversed and remanded.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.