## M. L. MASTERS v. STATE OF FLORIDA

32 So. (2nd) 276                      June Term, 1947

October 21, 1947                    Special Division B

*S. M. Preacher, J. Lewis Hall* and *W. W. Flournoy,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Rebecca Bowles Marks,* Special Assistant Attorney General, for appellee.

BARNS, J.:

It appears that appellant-defendant found a heifer in his pasture which was not his; that he inquired of one Brannon if he had lost a heifer—Brannon replied that he had and promised to come to Master's pasture and ascertain if the heifer was his. Brannon did not do so promptly and Masters inquired further of Brannon on occasions and each time Brannon promised to go and see if it was his heifer. Doubtless it was Brannon's heifer.

There is substantial evidence showing that Masters on several occasions had the heifer put out of his pasture but that she would later be found to have returned to the pasture; that Masters sold the heifer but that Masters was not present when the buyer came and took her away.

Without further elaboration it appears to us that under the circumstances of this case there was no larceny.

As the Judge correctly charged the jury the offense of larceny has been defined:

"Larceny is the stealing, taking and carrying away of the personal property of another with intent to deprive the owner thereof of his property permanently, or to convert it to the taker's or some one else's use. And in order for a conviction to be had on the charge of larceny, there must have been a felonious intent, that is, a conscious purpose to steal that which did not belong to the taker, the felonious intent to steal and take, and there must have been a taking and there must have been a carrying away, some times referred to as asportation."

Under other circumstances the selling of the heifer of another might be larceny but here the possession of the heifer by Masters was not acquired by a felonious act. Had not the means by which Masters became possessed been established the sale might have established larceny.

The evidence is sufficient to establish a wrongful conversion of the heifer but insufficient to establish an intent to *steal* as defined in law.

The judgment appealed is reversed.

TERRELL, Acting Chief Justice, BUFORD, and ADAMS, JJ., concur.