## TURNER FLEMING v. STATE OF FLORIDA

34 So. (2nd) 742                                    January Term, 1948
March 30, 1948                                              Division A
Rehearing denied April 28, 1948

*A. G. Campbell, Jr.,* and *W. W. Flournoy,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

Turner Fleming was convicted of larceny of a bull by a jury of Okaloosa County, Florida, and from a judgment and sentence of two years in the State Prison has perfected an appeal here. He contends that the evidence adduced by the State failed to establish that the bull was taken animo furandi as is essential to conviction within our holding in Kemp v. State, 146 Fla. 101, 200 So. 368, and similar cases. The testimony has been carefully studied and analyzed in light of this contention and it is our conclusion that the felonious taking, if any, of the bull was a question of fact for the jury. Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 375.

On the point in issue the Court charged the jury, in part, viz:

"The Court charges you, gentlemen, that any taking and carrying away of the property of another, in order to consti-

tute a crime, must be felonious, that is, with evil intent. An open taking, and a peaceful taking, without an attempt to conceal the taking of the property involved, raises a presumption that there was no felonious intent. An honest taking, an honest belief on the part of the one doing the taking and charged with the crime, would not constitute larceny. An honest belief that one has the right to take the property must be not only honest, but it must be reasonable, a belief that a reasonable, honest, and prudent and cautious man would be justified in entertaining at the time of the taking. In other words, the belief and the profession of the belief that the taking was in good faih and honest, must not be a mere pretense, but must, as I have said, be one that would be entertained by a reasonable and cautious business man."

It is our view that the requested instructions identified as 1, 2, 3 and 4 under our system must be considered in connection with the istructions as given on this point by the trial Court. See Hysler v. State, 132 Fla. 209, 181 So. 354.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concurring.