Travis Maddox was convicted of larceny, and he appeals.
Reversed and remanded.
This appellant, Travis Maddox, a young farmer, was convicted in the Circuit Court of Madison County upon an indictment charging him with the larceny of two sow hogs and one male hog, the property of one Hughey Blanton, and sentenced to two years imprisonment at hard labor in the State prison.
These young hogs, two gilts and one shoat, which the appellant testified that he had bought and paid for several months previously when they were mere pigs, were described by one or two of the witnesses as being black "piney-woods rooters," such as are frequently seen in the woods, and usually look very much alike. Hughey Blanton, a farmer, who lived not very far from appellant, claimed to have raised three hogs of the same description which had disappeared for several days and then returned. When appellant was told by a neighbor that his hogs, which had also failed to show up for some days, were in the possession of Blanton, he proceeded to go to Blanton's place and got the hogs, took them home and marked them in his brand. Then in his absence, Blanton took the hogs back to his place and put them in a pen. When appellant found this out, he went to see Blanton and, claiming ownership, demanded possession of the hogs, but the ownership could not be adjusted between them. Then appellant went to Madison and swore out a warrant for Blanton and also consulted an attorney with reference to taking out replevin papers for the hogs. The warrant taken out by appellant for Blanton was later dismissed by the County Judge, without the knowledge of appellant, and a warrant was issued against appellant, which was certified to the Grand Jury, which resulted in the indictment of Maddox.
The evidence indicates that each of the parties, the appellant and Blanton, honestly believed that these three young hogs belonged to him. The evidence shows that the taking of these hogs by appellant was open and under a claim of ownership. The evidence, as we construe it, is in conflict as to which of these parties was really the owner of these particular three young hogs.
The jury must have had some serious doubts about the guilt of Maddox, because the verdict read as follows: "We, the Jury, find the defendant, Travis Maddox, guilty as charged in the Indictment and *Page 59 
recommend suspension of sentence; so say we all."
As far back as Long v. State, 11 Fla. 295, this Court said:
"In larceny, the criminal intention constitutes the offense, and is the criterion which distinguishes it from trespass. Where the act is done clandestinely, or where there is an effort to conceal the possession of another's property, or prevent the owner from discovering it, there is evidence of felonious intent; but the taking of another's property by mistake or accident, where the animus furandi forms no part, is not felony."
The earlier cases on this subject, which are still good law, are reviewed in the opinion of Mr. Justice Buford in Helton v. State, 135 Fla. 458, 185 So. 864. In Flint v. State, 143 Fla. 259, 196 So. 619, 621, this Court, speaking through Mr. Justice Chapman, said:
"The intent to steal is a necessary ingredient of the offense of larceny. The burden rests upon the State to show that the property was taken animo furandi as an essential to conviction. If it appears that the taking was consistent with honest conduct, although the party charged with the crime may have been mistaken, he cannot be convicted of larceny. See Charles v. State, 36 Fla. 691, 18 So. 369."
See also the opinion of Mr. Justice Barns in Masters v. State, Fla., 32 So.2d 276, which deals with this feature of the law.
In this case the taking was in the open, with no subsequent attempt to conceal it, and there was no concealment nor denial of such taking, but on the other hand, an express avowal thereof, which tends to raise a strong presumption that the appellant had no felonious intent, which presumption has to be overcome by clear and convincing evidence. A charge to this effect was requested by appellant's attorney in the lower court. The charge was denied, the trial Judge evidently believing that he had covered this feature of the case in his general charge, in which, among other things, he correctly charged the jury as follows:
"You are charged that one of the essential elements of larceny is the taking and carrying away of personal property with the intent to deprive the owner of his property permanently. In order to constitute larceny such taking must be inconsistent with honest conduct. If the taker had an honest belief of right to the possession of the property taken, there can be no conviction. If you believe that the defendant took or caused to be taken and carried away the property in question under an honest belief that he was the owner thereof and entitled to the possession thereof, or if you entertain a reasonable doubt that such belief was an honest one, you should acquit the defendant."
This case has been ably argued by counsel for both the appellant and the State, but in view of the testimony in this case, the peculiar verdict of the jury, and our previous opinions above cited, we have reached the conclusion that the appellant's motion for a new trial should have been granted.
Reversed and remanded.
THOMAS, C.J., and TERRELL and CHAPMAN, JJ., concur. *Page 60