95 So.2d 589 (1957)
Donald R. JALBERT, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Division B.
June 5, 1957.
*590 Methfessel & Willis, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
Donald R. Jalbert, appellant, was defendant in the court below. In trial by the court without a jury he was adjudged guilty of breaking and entering a dwelling with intent to commit a felony, grand larceny, and sentenced to three years imprisonment.
Defendant and one John Gallagher were informed against for breaking and entering a dwelling in Dade County with intent to commit a felony, grand larceny, and in a second count for grand larceny. Both pleaded not guilty and waived trial by jury.
Gallagher later changed his plea as to the first count and pleaded guilty. Defendant Jalbert went to trial. The State announced a nolle prosequi of the second count. Upon completion of the trial, defendant Jalbert was adjudged guilty as charged on the first count.
An accomplice, sixteen year old Daniel Diefenbach, Jr., testified that he, Gallagher and defendant Jalbert entered the dwelling and took from it a small metal tray. His testimony revealed some confusion about when the police contacted him after the burglary. He stated it was about a month and a half after the event whereas actually it was only thirteen days. His testimony also revealed he had entered the same dwelling on an earlier occasion. Defendant contends this witness' conflict as to dates indicates the general unreliability of his testimony.
Upon the arrest of defendant, he was confronted with both the witness Diefenbach and the defendant Gallagher, in the presence of a deputy sheriff. Both of these men stated Jalbert entered the dwelling with them, whereupon Jalbert said they were "damned liars."
Police officers entered Jalbert's apartment with his permission and found the subject tray. Witness Diefenbach said that he recognized the tray, which was placed in evidence, as one he had seen before in the subject dwelling.
The police also found on the bureau in Jalbert's apartment a small microphone. Diefenbach denied ever having seen it before. The owner of the dwelling testified that both the tray and the microphone were his property. Defendant argues, however, that the owner's identification was not sufficiently specific.
*591 Defendant Jalbert testified in his behalf. He denied having gone to or entered the dwelling with Gallagher and Diefenbach. He stated he loaned his truck to Gallagher and Diefenbach and subsequently found the tray and microphone in his truck, whereupon he put them in his apartment. Diefenbach, however, said the truck had not been used on that occasion.
The owner of the dwelling did not testify as to the value of the two articles. He did state that he had in the dwelling at the time of the entry personal property worth several thousand dollars.
When the defendant was accused of having accompanied the other two men by those men in the presence of the officer, the defendant immediately denied the accusation. At the trial defendant's counsel cross-examined that officer and obtained from him the testimony as to defendant's denial of the accusation. The defense counsel, in his brief as appellee, complains that the remarks of the officer as to what the other two men said to him were hearsay and inadmissible, since the defendant Jalbert immediately denied the accusation. It does not appear from the record that objection was made to that testimony nor was error assigned on that point. We agree with the State's view that since the testimony was not objected to the error did not come to the trial court's attention and since the error was not assigned, this Court will not give it consideration.
The defense attacked the reliability of the witness Diefenbach's testimony because of the conflict of the dates and also because he had not told investigating officers he had entered the dwelling on a previous occasion but, on cross-examination, testified he had entered it previously.
Defendant waived trial by jury. It was therefore up to the trial judge to determine the credibility of the witness' testimony. We are not at liberty to substitute our opinion for that of the trier of facts, as to the credibility of this witness.
In this case we find the testimony of an accomplice involving the defendant. In addition we find the defendant was in possession of recently stolen property. That property was identified by the owner. On the other hand, we find a denial by the defendant of the accusation of the alleged accomplice and an explanation of his possession of the property.
It is well settled in this State that the testimony of an accomplice, even though uncorroborated, is sufficient to sustain a conviction. Land v. State, Fla. 1952, 59 So.2d 370. This Court will presume the trial judge properly considered the accomplice's testimony with due caution, since the trial judge is presumed to have committed no error and that presumption has not been overcome by the defendant.
It is also the rule in this State that the unexplained possession of recently stolen goods raises the presumption the possessor is the thief. Cone v. State, Fla. 1953, 69 So.2d 175; Kemp v. State, 1941, 146 Fla. 101, 200 So. 368.
In Cone v. State, supra, this Court said the circumstances raise the presumption when the possession is unexplained or unsatisfactorily explained. In the instant case it was within the province of the judge, sitting as the trier of facts, to consider defendant's explanation of his possession of the goods either untrue or unsatisfactory.
We are therefore of the view there was sufficient testimony to sustain the finding of the lower court as to defendant Jalbert's breaking and entering the dwelling and taking the tray and microphone.
The next question to be considered is whether the evidence was also sufficient to sustain the conviction of breaking and entering with the intent to commit a felony, grand larceny. The State's argument is simply that, according to testimony of the owner of the dwelling, there was in the dwelling personal property worth several *592 thousand dollars. The State contends any determination as to why defendant took only the two small articles would be mere conjecture and that the availability of the large amount of personal property worth several thousand dollars was sufficient to establish an intent on the part of the defendant to commit grand larceny. The State relies on the case of Rebjebian v. State, Fla. 1949, 44 So.2d 81 for this reasoning.
Defendant argues that no evidence whatsoever established the value of the tray and microphone either as to being in excess of $50 or less than $50. Defendant also argues that the Rebjebian case, supra, is not applicable to establish his intent to take property of the value of more than $50.
In Rebjebian v. State, supra, the defendant therein entered a dwelling and proceeded directly to an upstairs bedroom in which jewelry of the value of $20,000 was located. The downstairs rooms contained other personal property of lesser value. This Court reasoned that in the light of those particular circumstances it was the inevitable conclusion he had entered to steal property of such value that had he accomplished his purpose (he was apprehended in the bedroom) he would have committed grand larceny.
In the instant case it does not appear why the defendant took only the property he did. It does not appear from the record that some circumstance prevented him from carrying out a purpose to take more. We are of the view that the principle of the Rebjebian case, supra, does not govern this case. We cannot say that merely because there was in the dwelling personal property worth in excess of $50 the defendant intended to steal more than he did. In the absence of other evidence or circumstances, the best evidence of what he intended to steal is what he did steal. Since no proof of value of the tray and microphone was offered, we cannot assume they were of a value equal to or in excess of $50. In the Rebjebian case the circumstances strongly indicated the thief entered the dwelling only to take the jewelry of the value of $20,000. In the instant case no evidence indicated that the defendant intended to take more than he did.
It is our holding that the evidence does not sustain a conviction of the charge of breaking and entering with intent to commit grand larceny, Sec. 810.01, Fla. Stats. 1955 F.S.A., but that it does warrant entry of a judgment for breaking and entering with intent to commit petit larceny, which is also felony under the provision of Sec. 810.05, Fla.Stats. 1955, F.S.A. The first mentioned offense necessarily includes the latter as a lesser offense.
Under the provisions of Sec. 924.34, Fla.Stats. 1955, F.S.A., where we find that the evidence does not prove the offense of which defendant is found guilty, but does establish his guilt of a lesser offense necessarily included therein, we are authorized to reverse the judgment of the trial court with directions to enter judgment for such lesser offense and to pass sentence accordingly. Bronson v. State, 1942, 152 Fla. 28, 10 So.2d 718.
Accordingly the judgment appealed from is reversed with directions to the trial court to enter a judgment against the defendant-appellant for the offense of breaking and entering a dwelling house with the intent to commit a misdemeanor, to wit, petit larceny, and to impose sentence accordingly.
TERRELL, C.J., and HOBSON and DREW, JJ., concur.