151 So.2d 276 (1963)
AMERICAN FIRE AND CASUALTY COMPANY, a Florida corporation, Petitioner,
v.
SUNNY SOUTH AIRCRAFT SERVICE, INC., a Florida corporation, Respondent.
No. 31870.
Supreme Court of Florida.
March 13, 1963.
Rehearing Denied April 15, 1963.
*277 Dean, Adams, Fischer & Gautier and Robert M. Sturrup, Miami, for petitioner.
Worley, Gautier & Dawes and Lynn F. Lummus, Miami, for respondent.
CALDWELL, Justice.
The petition for writ of certiorari seeks review of the decision of the District Court of Appeal, Third District,[1] alleging direct conflict with decisions of the District Court of Appeal, Second District, and this Court in the following cases: Canada v. State, 139 So.2d 753 (Fla.App.2nd 1962); Williams v. State, 117 So.2d 548 (Fla.App.2nd 1960); Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. 373 (1921); Phoenix Assur. Co., Limited, of London v. Eppstein, 73 Fla. 991, 75 So. 537, L.R.A. 1917F, 540 (1917). There is conflict and we have jurisdiction.
The facts of the case appear to be that St. Elmo Raymond Montayne, a qualified pilot, leased the aircraft in question from the appellant corporation for the purpose of transporting a passenger on a charter flight from Fort Lauderdale to Orlando. After becoming airborne, the passenger forced the pilot at gunpoint to depart from the flight plan and to proceed to a directed location in the interior of Cuba. A landing was made in a pasture. The passenger alighted and gave the pilot a telephone number to call upon his return, informing him the people at that number would pay him. The pilot took off to return to the United States. After gaining an altitude of approximately 4,000 feet he was overtaken by a Cuban military aircraft which attacked and damaged the plane by gunfire. He escaped and made a forced landing. Rebel forces hid him and the plane for several days, after which he took off and returned to his point of departure in Broward County.
The trial judge held there was no intent to commit theft at the time possession was taken, there being no evidence to indicate that anyone intended to permanently deprive the plaintiff of the ownership of the aircraft. The District Court of Appeal, Third District, reversed and remanded, holding that:[2]
"The trial judge concluded that no theft was established because he viewed the facts to be such as to show an absence of intent on the part of the passenger to permanently deprive the plaintiff of its ownership of the aircraft. Appellant contends correctly that the proper rule to be applied is that a theft results where a natural consequence of the taking is an unreasonable risk of permanent loss to the owner. Thus, in Groover v. State, 82 Fla. 427, 90 So. 473, at 475, 26 A.L.R. 373, the Supreme Court of Florida said: `Any taking that may result by a natural and immediate consequence in the entire loss and deprivation of the property to the owner is larceny.'"
The troublesome point in this cause is the quality of intent required to support an *278 allegation of theft. The conflict between the language of the District Court in the cause under review and that of the Groover,[3] Phoenix,[4] Canada[5] and Williams[6] cases should be reconciled.
No useful purpose can be served by a rehash of the textbook and case discussion on this point. In the Phoenix decision the rule is stated in absolute terms which obviously conflict with the rule announced in the Groover case. It is our conclusion that the substance of the definition followed in the several cases which seemingly conflict but, nevertheless, tend to the same end, should be held to mean that the intention to steal, that is to feloniously deprive the owner permanently of his property, a question of fact to be determined by the jury, is an essential element in the crime of larceny. A taking of the personal property of another, without his consent, with the intent to permanently deprive the owner thereof, or the intentional dealing with the property of another, without his consent, in such a manner as to create an unreasonable risk of permanent loss, constitutes an intent to steal.
This doctrine recognizes the principles (1) that the intent to steal, animo furandi, requires an intent to deprive the owner permanently of his property and (2) that every person is presumed to intend the natural and probable consequence of his act.
The conclusion of the District Court of Appeal, Third District, is approved and the writ of certiorari is discharged.
ROBERTS, C.J., and DREW, O'CONNELL and HOBSON (Ret.), JJ., concur.
NOTES
[1] Sunny South Aircraft Service v. American Fire and Casualty Co., 140 So.2d 78 (Fla.App.3rd 1962).
[2] Id. at 79.
[3] Groover v. State, 82 Fla. 427, 429, 90 So. 473, 474 (1921):

"The intention to steal, and that is, feloniously to deprive the owner permanently of his property at the time of the taking, is an essential element in the crime of larceny, and whether such intent existed is a question of fact to be determined by the jury from all the facts of the case."
[4] Phoenix Assur. Co., Limited, of London v. Eppstein, 73 Fla. 991, 994, 75 So. 537, 538 (1917):

"It was held in Hartford Fire Insurance Co. v. Wimbish, 12 Ga. App. 712, 78 S.E. 265:
"`Words used in a policy of insurance are to be given their ordinary and usual signification unless the context requires a different construction.
"`Where a policy of insurance indemnifies an owner of an automobile against loss or damage occasioned by theft, robbery, or pilferage, the owner cannot, under this clause of the policy, recover for damage to a machine which had been taken by another and used without the consent of the owner, but without any intent to steal. "`At common law, and under the statutes of this state, "theft" is synonymous with "larceny." The word "robbery" as used in the contract sued on, should be given the same meaning as that set forth in the Penal Code of this state. "Pilferage" is petty larceny. The intent to steal is a necessary ingredient in all three offenses.'"
[5] Canada v. State, 139 So.2d 753, 755 (Fla.App.2nd 1962):

"Larceny has been defined by the Supreme Court of Florida as the stealing, taking and carrying away of the personal property of another with intent to deprive the owner thereof of his property permanently, or to convert it to the taker's or someone else's use. Masters v. State, 1947, 159 Fla. 617, 32 So.2d 276. In addition to the element of asportation, it is necessary to show that a person charged with larceny possessed a felonious intent, that is, a conscious purpose to steal that which did not belong to him."
[6] Williams v. State, 117 So.2d 548 (Fla. App.2nd 1960):

"The corpus delicti in a charge of larceny consists of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking or, more explicitly, that the property was taken without the consent of the owner and with the requisite felonious intent."