WALDEN, JAMES H., Associate Judge.
The defendant appeals a judgment and sentence entered upon a jury verdict finding him guilty of grand larceny.
The statement of facts as set forth in appellant’s brief is here adopted for that it fairly and succinctly reflects the basic situation which was presented to the jury. It appears that the defendant, Theodore Ro-sengarten, was the president and principal stockholder of a company known as the Theo Rosengarten Co., Inc. The business of the company was the building and remodeling of homes and the taking of mortgages in payment for such work. The mortgages were in turn used as collateral for money borrowed which was used in the defendant’s business, the building or remodeling of homes. After completion of this work, the mortgages were then offered for sale to permanent investors. Upon the sale of the mortgage to a permanent investor, the proceeds of the sale were used to pay off the interim lender and the balance was the company’s equity.
In the present case the Wooten mortgage (the mortgage sold to the complaining witness) and three others were pledged to support a loan of $1,800.00 from J. B. Crummie, to the Theo Rosengarten Co., Inc., with the Theo Rosengarten Co., Inc. retaining the right to redeem the mortgages. The four mortgages had a value of $6,500.00 to $6,600.00. Subsequently the Wooten mortgage was sold to Otto C. Wirths as a permanent investor for $1,470.00. The defendant contacted Mr. Crummie and requested that the Wooten mortgage be released back to the company for $500.00, leaving Mr. Crum-mie with three mortgages valued at $4,800.00 to secure the loan balance of $1,300.00. Mr. Crummie, however, refused stating that he wanted all four mortgages redeemed. Unquestionably, the Theo Ro-sengarten Co., Inc., was in financial difficulty and was not in a position to redeem the block of four mortgages from Crummie. Further efforts were made by defendant to get the Wooten mortgage for delivery to the *184 Wirtlis and, soon theieafter, the Theo Ro-sengarten Co., Inc., was placed into Receivership by the Florida Securities Commission, and the mortgage in question was never delivered.
The transaction between the Wirths and the defendant, concerning the Wooten mortgage, was handled in the same manner as were hundreds of other transactions negotiated by the defendant’s company and, also was the same as prior transactions between the Wirths and the Theo Rosengarten Co., Inc.
The evidence shows that the funds paid over by Wirths were in the form of a check made payable to the Theo Rosengarten Co., Inc. The check was delivered to a Mr. Segal and was deposited in the company account. There was nothing to show that the money was not in the account when the Receiver was appointed and, there was no affirmative showing that the defendant received any of the money from the Wirths. The testimony also showed that two persons, other than the defendant, had the power to sign checks on the Theo Rosengarten Co., Inc. account.
We find from the record that the conviction must be reversed and set aside because there was a total failure of proof to support a finding of a felonious intent on the part of the defendant. Is this essential to a conviction for grand larceny? Yes, Section 811.021, Florida Statutes, 1963, F.S.A., which deals with this crime provides as a preface to the particulars:
“(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person: * ‡.
and thus sets forth the statutory necessity for this ingredient. Likewise, the Supreme Court of Florida has recently dealt with the question in the case of American Fire and Casualty Co. v. Sunny South Aircraft Serv., Fla., 151 So.2d 276, where it undertook to resolve certain conflicts. It was there stated:
“It is our conclusion that the substance of the definition followed in the several cases which seemingly conflict but, nevertheless, tend to the same end, should be held to mean that the intention to steal, that is to feloniously deprive the owner permanently of his property, a question of fact to be determined by the jury, is an essential element in the crime of larceny. A taking of the personal property of another, without his-consent, with the intent to permanently deprive the owner thereof, or the intentional dealing with the property of another, without his consent, in such a manner as to create an unreasonable risk of permanent loss, constitutes an intent to steal.”
Using this rule we understand that the burden is on the State to prove felonious intent with the usual quantum and that the question is normally for jury determination. However, there must be some competent and sufficient evidence for the jury to consider and it remains the function of this court to review the evidence to determine if there is sufficient evidence upon which a jury could legally base a verdict. Here, without arguing or worrying the facts, we find that there was a total absence of direct or circumstantial evidence which would support the notion that the defendant had a criminal intent at the time to permanently deprive the owner of his property. Juries do not have carte blanche to return a verdict of guilty in every instance where the goods of another are not returned regardless of the circumstances of the case. At the most, we feel that defendant’s conduct could only constitute a civil wrong or a breach of contract and that he should not be jailed for mere poor business performance despite the fact the Wirths suffered monetary loss.
The judgment appealed is reversed.
SMITH, C. J., and ALLEN, J., concur.