**RANGER INSURANCE CO., Plaintiff-Appellee,**

v.

**John J. SMITH, Defendant-Third-Party Plaintiff-Appellant,**

v.

**Virginia K. ORCUTT and Don Bolton, Third-Party Defendants-Appellees.**

No. 27692

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Sept. 26, 1969.

Rehearing Denied Oct. 22, 1969.

---

Ray Sandstrom, Sandstrom & Hodge, Fort Lauderdale, Fla., for appellant.

Kermit G. Kindred, Samuel A. Brodnax, Jr., Batchelor, Brodnax, Guthrie & Kindred, Miami, Fla., for Ranger Ins. Co.

Raymond T. Greene, Miami, Fla., for Virginia K. Orcutt and Don Bolton.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

The sole issue presented on this appeal is whether appellant Smith was entitled to coverage under the theft coverage provision of an aircraft insurance contract. The district court, in a non-jury proceeding, answered in the negative. We agree and affirm.

■ The insurance contract defines theft as " * * * theft, robbery, larceny, and pilferage, including damage done by thieves." In a case involving a similar question, American Fire and Casualty Company v. Sunny South Aircraft Service, Inc., Fla.1963, 151 So. 2d 276, the Supreme Court of Florida held that intent was a necessary element in supporting a theft claim under an insurance contract. Intent was defined as follows:

" * * * A taking of the personal property of another, without his consent, with the intent to permanently deprive the owner thereof, or the intentional dealing with the property of another, without his consent, in such a manner as to create an unreasonable risk of permanent loss, constitutes an intent to steal."

151 So.2d at 278.

The pertinent facts here are that appellant was in the used aircraft business. He purchased an aircraft which was located in Michigan and authorized Tom Cooper of Air Florida, Inc. to make all of the arrangements to ferry the plane from Michigan to Fort Lau-

derdale, Florida. Cooper arranged with Brooks O'Diorne to fly the plane on the Kissimmee-Fort Lauderdale, Florida leg of the ferry. O'Diorne was to deliver the plane to the Florida Airmotive, Inc. hangar at Fort Lauderdale International Airport. Upon arrival he found the hangar closed. He then flew the aircraft from Fort Lauderdale to Opa-Locka, Florida, the home base of his employer, Cooper, to arrange for transportation from Fort Lauderdale to Opa-Locka after he had delivered the aircraft to Florida Airmotive at Fort Lauderdale. On the return flight to Fort Lauderdale the aircraft engine failed and O'Diorne crash landed on a highway.

With respect to the question of theft coverage, the district court stated:

"SMITH contends that coverage was not suspended at the time of the loss by any violation of the pilot or purpose provisions because O'Diorne had in effect 'stolen' the plane. However, there was no evidence presented at the trial to support such an allegation. On the contrary, the evidence presented shows that SMITH had authorized Cooper to select a pilot to fly this airplane to Fort Lauderdale and make all necessary arrangements in connection with the flight. There was no evidence to show that at the time of the loss, O'Diorne had exceeded his authority from Cooper, who was the agent or business associate of SMITH."

■ This statement is a fair representation of the matter and from a factual standpoint has ample support in the record. Appellant failed to establish that the plane had been stolen by O'Diorne within the context of the theft coverage provision of the insurance contract.

The decision of the Florida Supreme Court in Fireman's Fund Ins. Company of San Francisco v. Boyd, Fla.1950, 45 So.2d 499, is not to the contrary. The facts there, involving a truck, demonstrated the taking of property without the consent of the owner, and the subjection of the property to an unreasonable risk of permanent loss. The case of National Insurance Underwriters v. Melbourne Airways and Air College, Inc., Fla.App., 1968, 210 So.2d 267, is also distinguishable. There the aircraft was chartered for a trip to the Bahama Islands. The aircraft was lost while being used to drop leaflets over Cuba and this was done without the knowledge or consent of the owner. That case also falls in the category of dealing with the property of another in such manner as to create an unreasonable risk of permanent loss.

Here appellant failed to establish the absence of consent to the aircraft being flown to Opa-Locka. He likewise failed to establish either an intent on the part of O'Diorne to permanently deprive him of the aircraft or that it was subjected to an unreasonable risk of permanent loss.

Affirmed.