382 So.2d 1321 (1980)
Richard UBER, Appellant,
v.
STATE of Florida, Appellee.
No. SS-81.
District Court of Appeal of Florida, First District.
April 24, 1980.
Rehearing Denied May 21, 1980.
Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
SHAW, Judge.
Appellant appeals his conviction of grand larceny. We reverse.
The information charged an offense under § 812.021. Florida Statutes (1977) as follows:
COUNT ONE
[O]n the 25th day of August, in the Year of Our Lord, One Thousand, Nine Hundred and Seventy-Eight at and in Santa Rosa County, Florida, then and there being, did then and there have in his possession, custody or control as a broker, bailee, agent, trustee or as authorized by agreement, goods and chattels of another, to wit: a check, draft or money order, of a value of more than One Hundred *1322 Dollars ($100.00) belonging to Donald Dillard and/or Naval Air Norfolk Federal Credit Union and having said property in his custody did appropriate the same to his own use or that of another person other than the true owner or person entitled to it, to wit: Donald Dillard and/or Naval Air Norfolk Federal Credit Union, contrary to Florida Statutes 812.021.
The appellant was given a Winnebago motor home to sell on consignment from Uber's used car dealership. Dillard purchased the vehicle and financed it with a credit union check made payable to Dillard and Uber's Auto Mart. The check was deposited in the general business account of Uber's Auto Mart on the date that it was signed over to Uber's business. That same day Uber's wife sent a draft to Nationwide Financial Service which held title. Nationwide notified Uber that there was an error in the amount of the draft as additional interest had accrued, whereupon Uber issued a ten-day sight draft for the correct amount. Prior to the expiration of ten days Uber, who was experiencing economically debilitating business setbacks, notified Nationwide that his general account contained insufficient funds to honor the draft. Nationwide's manager, at that time, took the position that Uber did not owe anything to Nationwide, but owed Dukes who had placed the Winnebago on consignment. Uber then inquired of Dukes as to his posture regarding the financing of the vehicle. Dukes came to Uber's place of business and produced a paid-in-full contract, asserting that Uber did not owe him any money. Uber, in an effort to obtain the release of title to Dillard, offered to execute a "floor plan" (an arrangement by which Nationwide would take the money owed by appellant as he sold cars on a consignment basis). Uber testified that he was told by Nationwide that the situation could be worked out after the first of the year (1979). However, in late December 1978, Nationwide filed a civil complaint against Dillard to repossess the Winnebago. Dillard then signed an affidavit of complaint against Uber, causing his arrest. When the story was released to the newspapers the Department of Motor Vehicles had Uber's bond canceled, which eliminated his business operation.
Proof of felonious intent is essential to a conviction for grand larceny. The burden is on the State to prove such intent with the usual quantum and the question of intent is normally for jury determination. Rosengarten v. State, 166 So.2d 183 (Fla. 2d DCA 1964); Maddox v. State, 38 So.2d 58 (Fla. 1947); Masters v. State, 159 Fla. 617, 32 So.2d 276 (1947). In this instance there was a total failure of proof to support a finding of felonious intent. Uber's act of placing the credit union check in his general business account and sending Nationwide his personal draft has not been shown to be contrary to his normal business practice. This Court in Board of Regents v. Videon, 313 So.2d 433 (1975), recognized:
The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. The intent may be presumed from the facts and circumstances surrounding the act of taking. It is then incumbent upon the taker to go forward with the evidence and show a lack of criminal intent on his part. Such can be done by presenting evidence that it was an honest mistake; that he believed he had a right to apply the property to his own use. When a taking or appropriation to one's own use is with an honest belief that the taker has the right to take the property (to apply it to his own use), there is no larceny, even though the taker may have been mistaken.
Uber's persistent efforts to obtain the release of title to Dillard negates the requisite larcenous intent. The evidence falls short of that quality necessary to prove guilt beyond a reasonable doubt. The judgment appealed is accordingly reversed.
ROBERT P. SMITH, Jr., J., concurs.
BOOTH, J., dissents without opinion.