Wilson v. State.

Opinion delivered October 17, 1910.

Larceny—sufficiency of taking.—If a person takes property in good faith, under an honest belief that he is the owner, it does not constitute larceny, even though, after learning that it was not his property, he converted it to his own use.

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed.

*Holland & Holland,* for appellant.

The sixth instruction given by the court is erroneous. If the appellant took the property in good faith believing it to be his own, there was no larceny; the felonious intent to steal did not exist at the time of the taking. And if this intent did not exist at the time of the taking, its subsequent formation would not constitute larceny. 13 Ark. 168; 40 Am. Rep. 790; 55 S. W.

334; 70 Ark. 204; 69 Ark. 454; 60 Ark. 5; 34 Ark. 334. One
who takes under a *bona fide* claim of right to do so is not guilty
of larceny. 71 Ark. 643; 28 Ark. 126. The presumption is
against larceny where the taking is open. 25 Cyc. 46, note 10; see
also *Id.* 54, note 64. The taking of the property, and its posses-
sion, is not alone sufficient to raise a presumption of guilty in-
tent, nor to sustain a conviction of larceny. 32 Ark. 328; 60 Ark.
5; 67 Ark. 155; 85 Ark. 360.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,*
Assistant, for appellee.

No error in the sixth instruction. There could be no crim-
inal conversion so long as appellant actually believed the prop-
erty was his own; but when he discovered it was the property of
another, that moment, if he converted it to his own use, he be-
came guilty of larceny. 126 S. W. 1018; 1 McLain, Crim. Law
§ 570; 38 S. C. 348.

McCulloch, C. J. Appellant was convicted of the crime of
grand larceny in stealing a bull alleged to be the property of
one Chapman. He took the bull from the range, claiming it to
be his own which had strayed away, and kept it several months
in his son's pasture. Chapman heard of the bull being in his
pasture, and laid claim to it, but appellant refused to give it up.
Appellant afterwards sold it to a butcher, who killed it, and this
prosecution was begun against appellant for stealing the bull.

At the trial of the case, appellant and Chapman both intro-
duced testimony tending to establish their respective claims of
ownership. The testimony was sufficient to have warranted a
finding of the jury either way on that issue, and also that the
appellant took the bull from the range, and afterwards converted
it to his own use under an honest belief that it was his own
property. The court gave, over appellant's objection, the fol-
lowing instruction No. 6:

"If he took it honestly believing it was his, and learning
afterwards that it was not his property, and converted it to his
own use with the felonious intent to deprive the owner of it,
when he knew it was not his own property, he would be guilty."

If a person takes property in good faith, under an honest
belief that he is the owner, it does not constitute larceny, for the
felonious intent is lacking. The felonious intent must, in order

to constitute larceny, exist at the time of the taking; and a subsequent formation of such an intent is not sufficient. So, if the taking is under an honest belief of ownership, there being no felonious intent to steal at that time, the fact that such an intent is formed after ascertaining that another person is the true owner does not make it larceny. Rapalje on Larceny and Kindred Offenses, § 23; *People* v. *Miller,* 4 Utah 410; *Beckham* v. *State,* 100 Ala. 15; *Beatty* v. *State,* 61 Miss 18; *Billard* v. *State,* 30 Tex. 367; *Lamb* v. *State,* 40 Neb. 312.

By some courts it has been held that, if the original taking was a trespass, followed subsequently by a wrongful conversion of the thing taken, the intent to steal need not, in order to make it larceny, have existed at the time of the taking, because, in contemplation of law, as it is said, "a tortious taking does not divest the possession of the owner, but a subsequent conversion by the taker has such effect, and will, therefore, constitute larceny when accompanied by a felonious intent." Conceding this to be the correct rule, it cannot be extended so as to apply to one who takes property in good faith under an honest belief of ownership, for in this there is no element of a wilful trespass, even though there be a subsequent conversion with knowledge of the true ownership.

It follows, therefore, that the court erred in its instruction, and for this reason the judgment should be reversed, and the cause remanded for new trial. It is so ordered.