COLLINS *v.* STATE.

Opinion delivered June 22, 1931.

*Caviness & George* and *B. F. Madole,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

McHANEY, J. Appellant was convicted on a charge of grand larceny, for the theft of one brown Jersey heifer, of the value of $13.76, the property of Everett Matthews, and sentenced to one year in the penitentiary. He assigns and relies upon four errors of the trial court to reverse the judgment against him.

It is first said that the evidence is not sufficient to support the verdict. The facts are, as shown by the State's witnesses, that said Matthews was the owner of one brown Jersey heifer which disappeared from the pasture near appellant's home in Ola. Shortly after its disappearance, Matthews, senior, discovered its hide

hanging in front of George King's hide house in Ola, and King advised Mr. Matthews that he had purchased the heifer from appellant, and they butchered it in the pasture near the Carl Collins' home. He so testified in court. Appellant admitted that he sold a heifer to King, but denied that it was the property of Everett Matthews, and insisted that it belonged to him, his father and brother; that his father had bought a cow and her calf in 1929, and that the heifer sold to King was that calf. D. W. Matthews, Everett Matthews and his wife positively identified the hide. This made a question for the jury as to the identity of the heifer. But appellant says this evidence is insufficient to show that he had stolen it, and that this is all the evidence on the subject; that the fact that he, with King, butchered this heifer which he had sold to King, even though it were Matthews' property, is not sufficient to convict of larceny. We cannot agree with appellant. Section 2490, Crawford & Moses' Digest provides: "Every person who shall mark, steal or kill, or wound, with intent to steal, any kind of cattle, pigs, hogs, sheep or goats, shall be guilty of a felony, and upon conviction thereof, be imprisoned at hard labor in the penitentiary for any time not less than one year nor more than five years." Appellant and another killed the heifer, the property of Matthews, sold it to King, and the "intent to steal" could be inferred by the jury from such facts.

■ It is next said the court erred in refusing to give instruction No. 1, requested by him on circumstantial evidence. The evidence here was not circumstantial, but was positive and direct. No error was therefore committed, and we have held "that it is not improper to refuse to give such an instruction, even in cases where the conviction was asked wholly upon circumstantial evidence, where the jury was properly instructed as to the burden of proof resting on the State to establish the guilt of the accused beyond a reasonable doubt and where rea-

sonable doubt was properly defined." *Payne* v. *State,* 177 Ark. 413, 6 S. W. (2d) 832.

The court fully and correctly instructed on the credibility of the witnesses, the weight of the evidence, presumption of innocence, and reasonable doubt.

■ It is next said the court erred in refusing requested instruction No. 2 as follows: "Even though the evidence raises your suspicion of the theft of the yearling by the defendant, Bob Collins, yet, unless the theft is proved beyond a reasonable doubt, you will find the defendant not guilty."

This instruction was fully covered by others given by the court and would have been a repetition. The court is not required to multiply instructions on the same subject to the same effect.

■ It is finally said the court erred in refusing requested instruction No. 3 as follows: "If you find that the defendant, Bob Collins, took the yearling in question, in good faith, under the honest belief that he was the owner thereof, and even though, upon learning afterwards that said yearling was not his own property, converted it to his own use, you will find the defendant not guilty."

Conceding the correctness of such instruction, [see *Wilson* v. *State,* 96 Ark. 148, 131 S. W. 336, 41 L. R. A. (N. S.) 549, Am. Cas. 1912B, 339] it was abstract as there was no theory advanced by appellant on which to base it. He and his relatives testified it was their heifer—not that he had taken Matthews' property under the honest but mistaken belief that it was his.

Affirmed.