Kelly *v.* State.

Crim. 3966

Opinion delivered November 18, 1935.

*Rains & Rains,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

Johnson, C. J. Appellant was duly indicted by the grand jury of Crawford County for the crimes of burglary and grand larceny; upon trial to a jury he was convicted of the crime of burglary and acquitted of grand larceny, from which comes this appeal.

The testimony adduced on behalf of the State tended to establish that on the night of April 6, 1935, some one broke and entered the chicken house of one E. B. Whit-

lock in Crawford County and stole therefrom six chickens of the value of $2 each and of a total value of $12; that the chicken house was securely locked on the evening prior to the theft, and on the next morning it was found that one of the doors thereof was broken open. Three of the stolen chickens were subsequently recovered by the owner from a Mr. Scruggs who testified that appellant had sold to him the stolen property.

Appellant's first contention for reversal is that the verdict of the jury is contrary to the law. By § 2 of act 67 of 1921 burglary is defined as follows: "Burglary is the unlawful entering a house, tenement, railway car or other building, boat, vessel or water craft with the intent to commit a felony."

It appears from the testimony heretofore quoted that this contention is without merit. The uncontradicted testimony shows that on the night of April 6, 1935, some one entered the chicken house of Mr. Whitlock and stole therefrom six chickens of the value of $12. Three of the chickens were subsequently recovered by the owner and a Mr. Scruggs testified that they were sold to him by appellant. This testimony was amply sufficient to warrant the jury in finding appellant guilty of burglary.

Next appellant urges that the trial court erred in giving to the jury in charge the State's requested instruction number 7. This request was to the effect that the jury might, in determining the value of the stolen chickens, consider their value for breeding purposes, and that the jury was not bound to accept the market value of such chickens for eating purposes only. Appellant's insistence is that this instruction was on the weight of the evidence and prohibited by § 23 of article 7 of the Constitution of 1874, which provides: "Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party." It was entirely proper for the jury to consider the market value of the stolen property for any and all uses to which the property was adapted, and the trial court therefore did not err in so instructing the jury. 17 R. C. L., p. 31, § 34.

No error appearing, the judgment is affirmed.