SCOTT *v.* STATE.

4288                                            167 S. W. 2d 883

Opinion delivered January 25, 1943.

*W. W. Shepherd,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J. Appellant was charged (a) with having stolen six watches of the aggregate value of $12, and (b) with receiving stolen property. He was found guilty of the latter offense and sentenced to serve ten years in the penitentiary. Contention is that the evidence was insufficient.

Six watches were stolen from J. J. Williamson's drug store in North Little Rock. Four were found in the defendant's possession. He had attempted to sell one to Special Officer Campbell, who at trial was seriously ill and could not appear or be questioned. J. E. Charles and E. J. Therron of the North Little Rock Police Force responded to a call made by Campbell, who had detained Scott. When a search of Scott's person revealed the four watches, he claimed to have bought six from a stranger. Therron was not certain, but "thought" Scott said he contacted the unknown person in an alley at the rear of North Little Rock curb market. According to appellant's statement to Therron,

or in his presence, a watch had been sold to a boy for fifty cents. This, and the one offered Campbell, with the four found on Scott, corresponded in number with those stolen from the drug store.

Market price was $1.75, plus state and federal taxes —a total of $1.97. Retail value of the six was $10.50, exclusive of taxes. Williamson testified the property could not be replaced, and at the time in question " . . . they were worth quite a bit more than [$10.50]."

Appellant insists it was not shown by substantial evidence that the watch not recovered was one of the six; hence aggregate value of identified property was less than ten dollars. Pope's Digest, §§ 3144 and 3134.

We think the value was sufficiently established and that appellant was shown to have had the six watches. *Kelly* v. *State*,[1] 191 Ark. 674, 87 S. W. 2d 400.

In his closing argument the deputy prosecuting attorney who tried the case commented upon the fact that Scott did not testify. The reason assigned was that the defendant had a criminal record and this would be exposed on cross examination.

This argument was improper and no doubt influenced the jury in determining what punishment should be administered. It would require reversal if the state's evidence were not conclusive of the proposition that Scott was found with recently stolen property and there was no explanation. The error may be cured by reducing the sentence from ten years to the minimum of one year fixed by statute. As so modified the judgment is affirmed.

Mr. Justice McFaddin thinks the evidence insufficient to show that appellant received six watches; hence aggregate value of the property was less than $10 and the crime was *petit* larceny.

---

[1] In the Kelly case the defendant was acquitted of the charge of grand larceny, but convicted on a burglary charge; hence value of the three chickens not recovered was not directly involved. On the question of evidence, however, it is in point.