ANGLIN *v.* STATE.

4545 · 219 S. W. 2d 421

Opinion delivered April 11, 1949.

*W. J. Morrow,* for appellant.

*Ike Murry,* Attorney General and *Jeff Duty,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. By information Albert Anglin was charged with stealing a .25 calibre pistol, "revolver type," valued at $15, the property of Albert Horner. The appeal is from judgment on a jury's verdict finding the defendant guilty of petit larceny and fixing his punishment at sixty days in jail and a fine of $300.

At trial it was shown, over appellant's objections, that the pistol once owned by Horner was an automatic. The main contention for a reversal is that ownership of the weapon by Horner at the time it was thought to have been stolen was not established by competent evidence. The trial occurred September 27, 1948.

However, Lee Davidson, whose testimony on cross-examination was not impaired, identified the pistol as one purchased by Horner approximately "two years ago." Davidson was Horner's neighbor and could not be mistaken because the intials "E. O. C." were imprinted on the grip. Directly following Davidson's statement that he was present when Horner "traded for the gun," the witness was asked if he had seen it lately, and answered yes. The next question was, "when did Mr.

Horner die?'' A. ''Last Saturday night two weeks ago.''
Davidson had previously testified that after 1946 he visited in Horner's home ''every day'' and had seen the pistol ''hundreds of times.''

John Harbottle runs a liquor store at Altus. Silas Harmon testified that after July 10, 1948, he saw Horner's pistol, and called attention to it, presumptively in Harbottle's custody. Harbottle testified that he bought the pistol from Anglin ''about mid-September a year ago,'' and paid $13 for it.[1]

The record is somewhat abbreviated, indicating that incidental facts showing the relationship of Horner and Anglin were mentioned in preliminary statements. For example, the Court remarked to a witness: ''You keep saying 'they' pulled [Horner] out of the car! What was wrong with him—sick or drunk? Why *pull* him out: couldn't he get out?'' An answer was: ''Well, he was drunk, and in the back seat, as it was reported to me. Anglin was driving Horner's car, and [when the car caught on fire] he pulled him out.''

When the State rested its case with the testimony of witnesses mentioned, and others who were not informed in respect of the principal issues, appellant moved for a directed verdict on the ground that Horner's ownership of the pistol when it was sold to Harbottle by Anglin was not established, nor was there any evidence it had been stolen. Whereupon the Prosecuting Attorney requested the Court's permission to testify. Anglin, he said, while speaking in the presence of D. B. Bartlett, claimed that he '' . . . picked the gun up off the ground the night of the fire as he dragged Horner from the car. He said he helped drag Horner, and as he did so the gun fell to the ground, and he picked it up at the fire.'' Bartlett testified that Anglin said he ''found'' the pistol, but did not remember that he said where he found it. Appellant did not testify.

Our view is that if additional testimony supporting the information had not been given after the State rested,

---

[1] There was testimony that the pistol was of Greek manufacture, and was worth from $15 to $25.

a directed verdict would have been imperative. But it was within the Court's discretion to allow other witnesses to testify if the circumstances were not such as to prejudice the defendant through surprise or otherwise at a time when the disadvantage could not be overcome. No contention of this kind is made. We must, therefore, treat the appeal as properly containing the supplemental evidence.

In this light Anglin is shown to have sold the pistol to Harbottle; and, by his own statements, to have taken it when Horner was helpless. Whether he appropriated the weapon from Horner's personal presence, or picked it up where the owner had dropped it—in either event the presumption of ownership by Horner is something more than speculation.

If appellant's statements to the Prosecuting Attorney be treated as an extra-judicial confession, not sufficient alone to convict, then the rule cited by Judge HART in *Reed* v. *State,* 102 Ark. 525, 145 S. W. 206, is applicable, for declarations or comments made by the accused before or after commission of a crime, ''although not amounting to a confession, but from which, in connection with other evidence of surrounding circumstances an inference of guilt might be drawn,'' are admissible.

Affirmed.

GEORGE ROSE SMITH, J., dissenting. The real question in this case concerns the sufficiency of the evidence to support a conviction when the accused's confession is unaccompanied by other proof that an offense was committed. Appellant was charged with stealing a pistol on July 10, 1947. The State proved that Horner had owned the pistol, that a car burned in the summer of 1947, and that in September of that year the appellant sold the pistol to Harbottle. That was the only foundation laid for the prosecuting attorney's testimony that appellant admitted having picked up the weapon at the fire. This confession was made during the course of an investigation of the crime. Bartlett, mentioned by the majority, was a deputy prosecutor participating in the investigation.

The applicable principles are perfectly well settled. A confession made out of court will not warrant a conviction without other proof that the offense was committed. Ark. Stats. (1947), § 43-2115; *McLemore* v. *State,* 111 Ark. 457, 164 S. W. 119; *Johnson* v. *State,* 198 Ark. 871, 131 S. W. 2d 934. Larceny is defined as the felonious stealing, taking and carrying away of another's property. Ark. Stats. (1947), § 41-3901. The original taking must be felonious; it is not enough to show that the property was taken by mistake or in good faith and later converted when the mistake was discovered. *Wilson* v. *State,* 96 Ark. 148, 131 S. W. 336, 41 L. R. A., N. S. 549, Ann. Cas. 1912B, 339. Here the proof showed merely that Horner had owned the pistol and that appellant sold it some months later. There was not one syllable of testimony indicating that the gun had been stolen by anyone.

It is suggested by the majority that appellant's statement amounts only to an admission and so is not within the scope of the statute. Of course it is well established that an admission of a lesser fact, as distinguished from an admission of the fact of guilt, does not constitute a confession. This distinction could not be better illustrated than by the case of *Reed* v. *State,* relied on by the majority. There Reed was indicted for murder. The State was permitted to prove that while he was in jail awaiting trial he made the statement that he was going to play crazy and try to get bond. That statement was obviously a mere admission which might be considered by the jury with the rest of the proof, especially as Reed pleaded insanity. But here the statement, made in the course of an investigation by the prosecuting attorney, was an out-and-out confession that appellant had taken the property. The only conceivable reason for refusing to recognize it as a confession would be that the appellant neglected to say that he feloniously stole, took and carried away the pistol. A complete answer to any such argument is that ,there not being another particle of evidence that the pistol was wrongfully

taken, the appellant is being convicted either upon his confession alone or upon no evidence whatever.

MILLWEE, J., joins in this dissent.