BOND *v.* STATE.

4949                    328 S. W. 2d 369

Opinion Delivered October 5, 1959.

[Rehearing denied November 23, 1959]

*J. B. Milham,* for appellant.

*Bruce Bennett,* Atty. General, By: *Ancil Reed,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. An information was filed against Appellant Joe Bond which charged him

with "the crime of Grand Larceny in that he did take and carry away with the intent to deprive the true owner thereof, property of the value of more than $35.00." Some four and one-half months later he was tried before a jury, found guilty, and his punishment fixed "at one year in the penitentiary." From said conviction and judgment appellant has appealed to this court, urging several grounds for reversal.

Except for the specific grounds for reversal hereinafter discussed it is not insisted that there is any lack of evidence to sustain the conviction. In the case of *Higgins* v. *State,* 204 Ark. 233, 161 S. W. 2d 400, we stated the rule for review of evidence in this court to be "It is a well-settled rule that the evidence admitted at the trial, or on appeal, be viewed in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict of the jury it will be sustained." Measured by the above announced rule the testimony shows that the appellant entered a hunting lodge owned by T. L. Porter, situated near Winona Lake in Saline County, and took two guns, several knives and bed sheets; that after retaining possession of these articles for something like one month he traded one of the guns and pawned or sold the other one; that he confessed to taking said articles; that he took them with the intent to convert them to his own use and deprive the true owner thereof, and that the articles possessed a market value of more than $35.00 as required by statute. In his brief, appellant urges several distinct grounds for a reversal and we shall now discuss each of these grounds separately.

1. In the opening statement and during the trial it was attempted to give the jury a detailed history of appellant's enlistment and service in the U. S. Navy, but was prevented from doing so by the trial court. From our review of the record we think the action of the trial court was proper. Not only was such testimony not pertinent or relevant, but we find much of this character of testimony was actually introduced and allowed to be considered by the jury.

964

2. We do not agree with appellant that the court erred in permitting one Ed Dodson to testify as to the value of the two guns. Before so testifying, it was shown that Dodson was familiar with firearms and particularly with the kind involved in this case. He stated that he had owned a gun very similar to one of the guns involved here, he described in detail the condition of the gun and stated that he would give $40.00 for it and that the other gun was worth $10.00, although he was not at the time in the market for such guns. A somewhat similar question was considered by this court in the case of *Bush, Receiver* v. *Altschul,* 128 Ark. 103, 193 S. W. 280, where objection was made to a witness giving testimony relative to the value of certain cattle. In approving the testimony the court quoted with approval from Ruling Case Law " 'that a trader or dealer in stock, or a person who is qualified by experience, may give evidence as to the value of cattle, hogs, and other animals that have a market value, although he may never have seen them.' " It was pointed out that appellant disposed of the guns for a value much less than $35.00, but, of course, that fact would not be binding or controlling. The question of value of the property stolen was a question for the jury after consideration of all of the evidence.

3. Likewise it is insisted that the court erred in allowing Dodson to state that he had examined the rifles in one of the guns (called a "moose" gun) and to make the statement that the rifles were good. This was not error but further evidence of the condition of the gun and of the fact that Dodson was qualified to evaluate the guns.

4. It is next contended that the court erred in refusing to give Appellant's Instructions Number Four and Number Five. These instructions would have told the jury that appellant would not be guilty of larceny unless he had the intent to steal them at the time of the taking. We cannot agree with this contention for the reason that the essence of these instructions was included in other instructions given by the court. In Instruction Number Two of the court it was stated that larceny

embraces every theft which unlawfully deprives another of his money or property with the intent to steal the same. In Instruction Number Four the court told the jury that appellant was presumed to be innocent of the charge of larceny and that said presumption begins at the commencement of the trial and follows him throughout the trial. In the case of *Wallin* v. *State,* 210 Ark. 616, 197 S. W. 2d 26, it was stated that "The trial court's refusal to give a requested instruction, even if it was in proper form, is not error where the ground is covered by other instructions that are given." It was for the jury to decide under all of the evidence, facts and circumstances in the case whether appellant intended to steal the articles in question here or whether he merely intended to use them for a while and then return them. In deciding the case the jury had a right to consider the fact that appellant did not return the said articles, that he kept them for some thirty days and then traded one of the guns and sold the other one.

5. It is complained here that the court refused to instruct the jury on the grounds of Petit Larceny. We do not here consider this ground for reversal for the reason that the record fails to show that any such instruction was requested or that the failure to give such instruction was brought forward in the motion for a new trial. Also, the record fails to show that an objection was made to any action of the court in this connection. In the case of *Hicks* v. *State,* 225 Ark. 916, 287 S. W. 2d 12, it was said: "On appeal from the circuit court, this court only reviews errors appearing in the record. The complaining party must first make an objection in the trial court, and this calls for a ruling on his objection. An exception must then be taken to an adverse ruling on the objection, which directs attention to and fastens the objection for a review on appeal."

6. It is here insisted that it was reversible error for the court to overrule appellant's demurrer to the Information. Again we do not consider this assignment of error for the reason that the record fails to show that the demurrer was ever presented to the court or

966

that the court acted upon it. In the *Hicks* case, *supra*, in addition to what we have quoted above the court also said: "In the case at bar, the record does not show at what point appellant made his objection to the instruction; in any event, no ruling of the court was obtained on the objection and no exception was saved. Therefore, we cannot consider the objection on appeal."

7. On the morning of the trial the appellant filed a motion for continuance and it is urged that the court committed reversible error in failing to grant the same. Again we cannot consider this assignment of error for the same reasons which are set out in the above paragraphs. Here again the record fails to show the motion was presented to the court or that it was acted upon by the court, and fails to show any objection made by appellant.

In view of what we have said above, the judgment of the trial court must be and is hereby affirmed.

Affirmed.