408 P.2d 27

**STATE of Arizona, Appellee,**

**v.**

**Frank Carley COTA, Appellant.**

**No. 1559.**

Supreme Court of Arizona.

In Division.

Nov. 24, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., for appellee.

Chris T. Johnson, Phoenix, for appellant.

BERNSTEIN, Justice.

Appellant, hereinafter called defendant, appeals from a conviction on two counts of selling narcotics in violation of A.R.S. § 36–1002.02.

The issue before us is whether the trial court erred in denying defendant's motion for a directed verdict of acquittal at the close of the state's case and, at the same time, allowing the state to reopen its case to present additional evidence. Defendant contends the facts of the denial are important. Hence, we set them forth at length:

"MR. BALTZ: State rests at this time, Your Honor."

\*       \*       \*       \*       \*       \*

"MR. AXELROD: (defense counsel) At this time the defendant will move

the Court for an order directing a verdict of acquittal pursuant to Rule 270, the Arizona Rules of Criminal Procedure, on the grounds not sufficient evidence to warrant a conviction. * * *

"Second ground, Your Honor, is that the fact that there is heroin involved is not of itself sufficient to constitute a conviction or to substantiate a conviction. There must be a usable amount shown by the State, and the cases are clear, Your Honor, that unless the State —and unless there is, in fact, a usable amount of heroin, that there can be no crime.

"And there is a test of the usable amount, and I submit to the Court that there was no testimony produced by the State whether or not what was found and analyzed by Mr. McLean was, in fact, a usable amount of heroin."

* . * * * * *

"THE COURT: * * * Motion is taken under advisement at this time.

(At this time the evening recess was taken.)

"IN CHAMBERS:

"THE COURT: The defendant has made a motion for a directed verdict. Court has indicated that under the law as stated in the case of State versus Moreno, State's evidence at this point is insufficient to show that a usable amount of heroin was sold.

"Having thus indicated the Court's opinion, the County Attorney has asked leave to reopen his case and to recall the witness McLean for examination as to that point.

"The defendant strenuously objects to the recall.

"The Court has indicated that he will allow the County Attorney to recall Mr. McLean."

* * * * * *

"THE COURT: *The motion then for directed verdict must necessarily be denied right now, because I am allowing to reopen.* You can restate your motion after he rests again." (Emphasis supplied.)

The state then recalled witness McLean who testified that the two "papers" of heroin he had examined were of usable amounts.

Defendant contends Rule 270, Rules of Criminal Procedure, 17 A.R.S., was definitively construed in State v. Cassady, 67 Ariz. 48, 190 P.2d 501 and that the Cassady decision controls the case before us. Rule 270 provides:

"If at the close of the evidence for the state or at the close of all the evidence the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion

**240**

of the defendant *shall,* direct the jury to acquit the defendant." (Emphasis supplied.)

In Cassady, defendant moved for a directed verdict as to three counts at the close of the state's case. The trial court indicated its inclination to grant the motion whereupon the state moved to reopen its case which was granted over objection. After the state rested for a second time, defendant renewed his motion which was granted as to the first count. It is clear that the trial court did not rule on the motion for a directed verdict when first made, but permitted the state to reopen its case and proceed further. We said:

> "We believe that the court in the exercise of a sound legal discretion was authorized to permit the state to reopen the case and submit further proof. By not ruling on the motion it cannot be said that by implication the court denied it. By permitting the state to reopen its case the only inference that can be drawn is that the motion was good as the proof then stood. After the state had *finally* concluded its testimony the court should then have ruled upon the motion." 67 Ariz. at 55, 190 P.2d at 506. (Emphasis supplied.)

We went on to say that our rules of criminal procedure should be construed so as to promote justice, not thwart it. Refusing to permit the state to reopen would have been an abuse of discretion and an obstruction of justice.

In the case before us, the trial judge erroneously supposed he was compelled to deny the motion to direct an acquittal by virtue of the single fact of granting the state's motion to reopen. In fact, the language he used suggests that he did not rule upon the motion to direct an acquittal, but thought that his ruling on the motion to reopen automatically, by operation of law, denied the former motion. Interpreting the language most favorable to defendant it can only be said that the judge simultaneously ruled upon both motions. Hence, it can be argued that granting the motion to reopen mooted the motion to direct an acquittal rendering any ruling upon the latter ineffectual. It would follow that Cassady controls and the conviction must be affirmed.

■ Defense counsel contends the only way to avoid the mandatory language of Rule 270 is to reserve decision upon the motion to acquit until after the state has actually offered additional evidence. Defendant argues that if the court rules upon the motion and at that particular time there is insufficient evidence to sustain a conviction, the motion must be granted. We cannot agree that such a literal construction of Rule 270 is proper. The Rule must be modified by the principle recogniz-

:ing the trial court's discretion to allow either party to reopen its case.

Nor did the trial court abuse its discretion in permitting the state to reopen its case. In State v. Moreno, 92 Ariz. 116, 374 P.2d 872, we held that a motion to reopen is addressed to the sound discretion of the trial court. We went on to say that the trial court will not be considered to have abused its discretion unless the defendant has been prejudiced and that to constitute prejudice it must appear that the defendant was deprived of a substantial right. It is clear that defendant did not suffer prejudice in this case. Witness McLean's testimony as to whether the "papers" of heroin contained amounts sufficient to be used as a narcotic could not have surprised defense counsel. No continuance was requested to obtain witnesses to refute the additional testimony. Furthermore, nothing of significance occurred between the time the state first rested and its motion to reopen. The prosecuting attorney had simply overlooked the one or two additional questions put to McLean or thought them unnecessary until the trial court indicated its opinion on the matter. Defendant had no vested right in any neglect or omission on the part of the prosecuting attorney. State v. Klein, 195 Wash. 338, 80 P.2d 825. It does not constitute prejudicial error to permit the state to reopen its case where the defendant is not denied a full and fair opportunity to rebut the additional evidence. Williams v. State, Miss.Sup.Ct. (no state report) 26 So.2d 64; Anglin v. State, 215 Ark. 49, 219 S.W.2d 421.

Affirmed.

LOCKWOOD, C. J., and UDALL, J., concurring.