GLORIA DAVIS, CLIFTON PHILLIPS AND ROBERT
EARL YOUNG *v.* STATE OF ARKANSAS

CR 73-115                                500 S.W. 2d 775

Opinion delivered November 5, 1973

*Billy Satterfield,* for appellants.

*Jim Guy Tucker,* Atty. Gen. by: *O. H. Hargraves,*
Deputy Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellants, Gloria
Davis, Clifton Phillips, and Robert Earl Young, were
convicted by the Pulaski County Circuit Court, sitting
as a jury, of possessing stolen property with the intent
to deprive the true owners thereof, knowing that the
property was stolen. Appellants were sentenced to five
years imprisonment each, with four years of such sen-
tences suspended. From the judgment so entered, ap-
pellants bring this appeal. For reversal, it is first urged
that the court erred in overruling appellants' motion
to suppress State's Exhibits 1, 2, and 3, and second, it
is argued that the evidence was not sufficient to support
the conviction. We proceed to a discussion of each point.

Exhibit 1 is a Palm Beach men's suit owned by Dillard Department Stores, which operates Pfeifer-Blass Companies in Arkansas; Exhibit 2 is a ladies' suit owned by Dillard, and Exhibit 3 is a men's navy blue leather jacket owned by David's of Arkansas. Officer Johnny Maack of the Little Rock Police Department made the arrest of the appellants while they were travelling in their automobile, and discovered the aforementioned property in the car; he testified that he turned the property over to Detective Lieutenant George M. Knestrict. Detective Knestrict testified that he stored this property in the Service Division in care of Officer Crump, signing signature cards at the time. He checked the items out from Crump when a hearing was held in municipal court and then checked them back in. He testified that he checked them out again from Officer Crump on the day of the trial, all three being wired together with a tag, and the records reflecting that they had been kept in Crump's custody; in the courtroom, he gave Exhibit 3 to Mr. Overman, employed by David's of Arkansas, who identified the coat from the witness stand. The officer stated that he turned the other two items over to Thomas Dupriest in the courtroom, this man being employed by Dillard. Dupriest identified both the men's and ladies' suits as property of Dillard. It is appellants' contention that turning the property over to the named individuals before it was identified and introduced into evidence represented a break in the chain of evidence, it being asserted that these individuals were not proper custodians. We do not agree that there is merit in this argument. Both store employees testified that they had received the exhibits from Detective Knestrict in the courtroom that same day and they positively identified them as the properties which had been taken. We find no break in the chain; to the contrary, the possession of the items, and the transmission from one person to another is clearly shown. To paraphrase what we said in *Fight* v. *State*, 254 Ark. 928, 497 S.W. 2d 262, there is no word of testimony that these items were different from the articles that were taken from the store, and the court did not err in permitting their introduction.

As to the second point, it is first asserted that the State failed to prove that the items were in fact stolen,

or that appellants knew they were stolen. We disagree. The testimony by Mr. Dupriest and Mr. Overman details that these items were not sold and were missing from the store; it was pointed out by Dupriest that the stubs on the men's suit were still in place when the suit was recovered. The ladies' suit was identified by a different type stub made in the Little Rock warehouse which requires a special tool to insert. Mr. Overman testified that he observed the leather jacket in the store at David's about an hour and a half before two of the appellants entered the store; that it was a size 42, and the only one of that size in the store, and he identified it as belonging to that concern. Gary Griffin, an employee of the Dillard store, testified that two of the appellants, Gloria Davis and Clifton Phillips, were occupants of a red Chevrolet Impala with light stripes down the sides, and they pulled up and parked in front of the store just across the street; that he observed the two (subsequently identified) as they got out of the car and came into the store. He said that his attention was attracted because the driver of the automobile, the third appellant, put money in the parking meter, got back in the car, and appeared to be very nervous. The witness stated that the man and woman subsequently came back out of the store and he observed the woman remove some merchandise from under her dress; that the driver put something on the floorboard and the two first mentioned went back into the store, subsequently returned to the car and as it drove away, he observed the woman take something from underneath her dress. She was wearing a purple dress.[1]

Barbara Mueller, likewise an employee of Dillard, also observed the woman and man go into the store and go back to the car, and she said that she saw the woman take something from under her dress, and then return to the store. Subsequently, after getting off from work, she saw these people, together with another man, in their car being questioned by police officers. The officers asked if she could identify a coat, and, as she testified, "It's from David's, because I knew what their tickets looked like." Officer Maack testified that he had

[1]There is no dispute but that appellants Davis and Phillips were in both stores that afternoon.

received a call that a theft had occurred at the Dillard store and had been given a description of the car and subjects; that he stopped the car occupied by appellants because it conformed to the description and he observed four articles of clothing in the automobile, three of them being State's Exhibits 1, 2, and 3.[2]

It is also asserted that the State failed to prove that appellants were in possession of the items, and failed to show an intent by appellants to deprive the true owners of possession. We cannot agree that there is merit in this assertion. In *Daniels* v. *State,* 168 Ark. 1082, 272 S.W. 833, it was pointed out that the rule has long been maintained by this court that unexplained possession of property recently stolen constitutes sufficient evidence to warrant a conviction and in *Boyette* v. *State,* 254 Ark. 320, 493 S.W. 2d 428, we observed that when the defendant was found in possession of stolen merchandise, the court was not required to accept or believe his explanation. See also *Bond* v. *State,* 230 Ark. 962, 328 S.W. 2d 369.

All three of the appellants testified, Gloria Davis and Clifton Phillips testifying that they paid Robert Young to take them to town; they admitted being in both stores, but denied taking any clothing. Each said that the items were in the car, but they knew nothing about them. Young testified that when the other two went into Pfeifer-Blass, he got out of the car and talked to a friend, Wesley Johnson; that he had worked with Wesley at Pine Bluff. From the record:

"Well, I get in my car, but when I was standing out there talking to Wesley, well, he had this bag. He said, 'Say, man, I had to take that from Pine Bluff.' We got to talking. Me and him work together. *** And then he said, 'Take this bag. I am going up here to get me some shoes in Phillips.' He said, 'You come up there and pick me up, man.' He said, 'Make sure you get me in the morning on time,' he said, 'so I can talk to Mrs. Isabell.'"

---

[2]The fourth piece of clothing was a ladies' coat with fur around the collar, but the owner had not been determined at the time of trial.

When asked as to the whereabouts of Wesley Johnson, appellant Young replied that he had subsequently been killed.

We think it is apparent from the outline of the State's testimony herein set out, that there was ample and substantial evidence to support the conviction, and we so find.

Affirmed.