Cecil GATEWOOD *v.* STATE of Arkansas

CR 75-184                                        532 S.W. 2d 749

Opinion delivered February 23, 1976

*Harold L. Hall,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B.J. McCoy,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Cecil Gatewood, a white person, and Lucky Time Rucker, a black one, were charged with the robbery of Merle Boyer, proprietor of Boyer's Antique Shop at 900 South Cedar in Little Rock, and of Venerda Spencer, a customer of that establishment. It was alleged in the information on each charge that a firearm was used and the sentence imposed by the court on trial after waiver of a jury trial was enhanced because of use of a firearm.

The robbery occurred on June 3, 1975. Appellant contends that the evidence was not sufficient to sustain the court's finding that Gatewood was guilty and that, since the court did not make a specific finding that Gatewood used a firearm and there was no testimony that Gatewood himself either held or used a pistol in connection with the robbery, the portion of the sentence based upon this factor should be eliminated. We find no error and affirm.

A black boy, positively identified by both Boyer and Mrs. Spencer as Rucker, came into the store, pulled out a pistol, demanded Boyer's money and specifically called for Boyer's red tackle box under the counter. That box was used for making change and in it Boyer kept checks and currency. He estimated the amount of money at around $50 and the number of checks at 15 or 20 for a total of $350. After Boyer had given Rucker the tackle box, Rucker told Mrs. Spencer he wanted her handbag which was lying on the counter in

front of her. When she reached for the purse, Rucker commanded her to stop, reached around her and took the handbag which contained three checkbooks, a billfold, some credit cards, some pens and approximately $10. He then left the store. Boyer immediately called the police.

Boyer estimated the time as around 1:30 p.m. Mrs. Spencer said that it was about 1:15. Mrs. Spencer saw a white boy outside the store during the robbery but not well enough to identify him.

Sgt. Ron Gatewood (no relation) of the Little Rock Police Department commenced his investigation of the crime at 1:20 p.m. He received information as he proceeded west on Maryland Street which caused him, with other officers, to go to a dwelling house at the southwest corner of Maryland and Abigail. When Sgt. Gatewood approached the house, Cecil Gatewood came out, shook hands with the sergeant, identified himself, and when the officer inquired about the whereabouts of the young black man that had been with him a few minutes previously, replied that he had left, walking north on Abigail Street about 20 or 30 minutes earlier. When the sergeant asked, appellant said he did not mind if the officers went in the house and looked around to make sure that the young black man had actually gone. Officer Bullerwell and Sgt. Gatewood entered the living room, and as Bullerwell started to go into the central or back part of the house, appellant moved close to the sergeant and whispered, "He's in the back of the house with a .38 and he'll kill us all." Sgt. Gatewood called Bullerwell back and asked appellant, "Who's in the back of the house?" and received the reply, "The black dude." When the sergeant then talked with appellant about the black guy "sticking up the store," appellant seemed anxious to leave. The officer then told appellant to go out in the front yard and lie down.

Sgt. Gatewood had called for help when he was told that there was an armed man in the house. He left Detective Knestrict with appellant and went with Bullerwell and Detective Baer in a search of the house. Bullerwell found Rucker hiding under a bed in the front bedroom. Rucker declined an invitation to come out, but the officers lifted the

bed, got him out from under it and handcuffed him.

Bullerwell advised Rucker of his constitutional rights, by reading from a standard card issued by the Little Rock Police Department. When one of the officers asked where the gun was, Rucker advised that another dude who was hiding in the attic was the one they wanted, that he had the gun and was the one that was going to kill the officers. After the officers found the attic and were unable to get a response to a warning to anyone up there to come out, Officer Bullerwell and Detective Baer entered the attic and found and recovered a .38 caliber Smith and Wesson revolver and, tucked between boards, a purse (later identified by Mrs. Spencer). Detective Baer found Boyer's red tackle box, containing $27.87 in change, in a bedroom closet, where, upon inquiry, appellant told him it would be. The officers found no one in the attic and no one other than appellant and Rucker in the house.

Of course, we have viewed the evidence in the light most favorable to the state, as required. In that light it is sufficient. We have held in many cases that possession of recently stolen property without reasonable explanation is sufficient evidence of burglary and of larceny. *Williams v. State,* 258 Ark. 207, 523 S.W. 2d 377; *Kelly v. State,* 191 Ark. 674, 87 S.W. 2d 400; *Duty v. State,* 212 Ark. 890, 208 S.W. 2d 162. We have not had occasion to pass on the question whether that fact in and of itself, is sufficient evidence of robbery. Other jurisdictions hold that it is, even when the possession is joint, unless there is evidence of circumstances casting reasonable doubt upon the permissible inference that it is. *State v. Langley,* 242 A. 2d 688 (Me., 1968); *People v. Curtis,* 7 Ill. App. 3d 520, 288 N.E. 2d 35 (1972); *People v. Hanson,* 97 Ill. App. 2d 338, 240 N.E. 2d 226 (1968); *People v. Leving,* 371 Ill. 448, 21 N.E. 2d 391 (1939). See also, *Chubbs v. State,* 204 Ga. 762, 51 S.E. 2d 851. As to the effect of joint possession, cf. *Lee v. State,* 200 Ark. 964, 141 S.W. 2d 842; *Davis v. State,* 255 Ark. 405, 500 S.W. 2d 775; *Cox v. State,* 254 Ark. 1, 491 S.W. 2d 802, cert. den. 414 U.S. 923, 94 S. Ct. 230, 38 L. Ed. 2d 157. It is at least evidence that the possessor was a party to the robbery. *Commonwealth v. Wilson,* 394 Pa. 588, 148 A. 2d 234 (1959), cert. den. 361 U.S. 844, 80 S. Ct. 97, 4 L. Ed. 2d 82. In any event, when one is shown to be the possessor of recently stolen

property, only slight corroborative evidence of other inculpatory circumstances will be sufficient to support a conviction of robbery. *People* v. *Mulqueen*, 9 Cal. App. 3d 532, 88 Cal. Rptr. 235 (1970); *People* v. *Blair*, 2 Cal. App. 3d 249, 82 Cal. Rptr. 673 (1969).

The finding within a few minutes after the robbery of a substantial part of the stolen property and of a revolver hidden in a house in which only appellant, a white person, and Rucker, a black person, were present, corroborated by testimony that a white person was seen outside the store when the robbery by the black person took place and the conduct and statements of appellant when the police officers came to the house certainly was sufficient substantial evidence that appellant was a participant in the robbery.

Since we find sufficient evidence that appellant was a participant in the crime, we need not treat his argument on the question of enhancement of punishment. We rejected it in *Gammell and Spann* v. *State*, 259 Ark. 96, 531 S.W. 2d 474 (1976).

The judgment is affirmed.