Delores SMITH *v.* STATE of Arkansas

CR 78-169                                    575 S.W. 2d 677

Opinion delivered January 22, 1979
(Division 2)

*James P. Massie,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Even though the state has confessed error, there are important statutory interpretations essential to the result in this case. As a result, we must treat the factual and legal questions involved as fully as we would if the issues had been contested.

Appellant Delores Smith was charged with shoplifting in the Municipal Court of Pine Bluff. Upon being found guilty, she appealed to the Circuit Court of Jefferson County, where she was found guilty on trial de novo. She brings this appeal from the judgment in the circuit court, stating the following points for reversal:

I

THE KNOWING CONCEALMENT, UPON HER PERSON OR THE PERSON OF ANOTHER, OF UNPURCHASED GOODS OR MERCHANDISE OFFERED FOR SALE BY ANY STORE OR OTHER BUSINESS SHALL GIVE RISE TO A *PRESUMPTION* THAT THE ACTOR TOOK GOODS WITH THE PURPOSE OF DEPRIVING THE OWNER, AND NOTHING MORE.

II

## THE EVIDENCE DOES NOT SUSTAIN A CONVICTION OF SHOPLIFTING (THEFT OF PROPERTY).

A statement of the facts in the light most favorable to the state is essential to an understanding of our treatment of the points for reversal, in both of which we find merit. Millie Smith, mother of appellant, sent this daughter to a Kroger store to get some cigarettes and gave her the money to pay for them. Appellant and her sister, Geraldine Wade, went to the store and each took shopping carts, or "buggies." When Miss Smith reached the cigarette racks, immediately in front of the cash registers, she took two packages of cigarettes and put them in the pocket of a medium length leather coat she was wearing, in such a manner that they were completely concealed. The store manager observed her when she did so. When Miss Smith went immediately to a check-out line, the manager told someone in the office, which was adjacent to that check-out counter, to watch Miss Smith, and went to call the police by telephone. Geraldine Wade was immediately behind her sister in the check-out line. When the manager got a busy signal on her telephone call, she again warned the cashier in the office to watch Miss Smith. When Miss Smith's purchases were checked out, the cigarettes were not included. She paid the cashier for the other items. When the cashier turned to put the money in the cash register and could not see appellant, she reached in her pocket, pulled the cigarettes out and handed them to her sister, who threw them in her own "buggy." At this time, appellant was real "fidgety" and was watching the store manager, who then approached her. When the sister's items were checked, she paid for these cigarettes.

Before proceeding to the points for reversal, we point out that there is no longer a separate shoplifting statute. The draftsmen of the Arkansas Criminal Code endeavored to eliminate most of the confusion which had developed by reason of the existence of many statutes defining different kinds of theft of property by combining all such crimes into a single one of "theft of property." See Commentary, Ark. Stat. Ann. § 41-2202 (Repl. 1977). Insofar as it is applicable here,

that section provides that a person commits theft of property if he knowingly takes, or exercises unauthorized control over, the property of another person, with the purpose of depriving the owner thereof. Ark. Stat. Ann. § 41-2203 (1) (a) (Repl. 1977).

The theft sections of the Criminal Code include a carryover of the essence of an earlier shoplifting statutory presumption. It is stated in § 41-2202 (2), thus:

> Shoplifting Presumption. The knowing concealment, upon his person or the person or another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to a presumption that the actor took goods with the purpose of depriving the owner, or another person having an interest therein.

We agree with the reasoning of both appellant's counsel and that of the state on this point, but for a reason not mentioned by either. It is conceded, and it well must be, that when the cigarettes were put into appellant's pocket, the statutory presumption was activated. The Uniform Rules of Evidence deal with the effect of statutory presumptions. Ark. Stat. Ann. § 28-1001, Rule 303 (b) (Supp. 1977) reads:

> Submission to Jury. The court is not authorized to direct the jury to find a presumed fact against the accused. If a presumed fact establishes guilt or is an element of the offense or negatives a defense, the court may submit the question of guilt or of the existence of the presumed fact to the jury, but only if a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. If the presumed fact has a lesser effect, the question of its existence may be submitted to the jury provided the basic facts are supported by substantial evidence or are otherwise established, unless the court determines that a reasonable juror on the evidence as a whole could not find the existence of the presumed fact.

In this case, the intent to deprive the owner of the

cigarettes was an element of the offense. The statutory presumption would justify the submission of the question of intent only if a reasonable juror on the evidence *as a whole,* including the evidence of basic facts, could find the requisite intent beyond a reasonable doubt. This requires us to review the evidence on appeal quite differently than we do in the usual search for substantial evidence. When we view all the evidence in this case, we agree with the Attorney General that when appellant removed the cigarettes from her pocket and passed them to her sister, who put them in her own shopping cart and paid for them, we would be hard put to say that the test of reasonable doubt was sufficiently met on the question of intent, particularly in view of the fact that no accusation of theft, either express or implied, had been made before appellant had surrendered possession of the cigarettes. In this connection, we must point out that we feel that the store manager's testimony tending to show that appellant's actions at the check-out counter were motivated by appellant's knowledge that her actions were being observed amount to little more than the statement of a conclusion.

Of course, the statutory presumption is not essential to a conviction on a charge such as the one of which appellant was found guilty, if the evidence is otherwise sufficient, i.e., if intent to deprive the owner of the property involved is shown by evidence from which that intent may be inferred. See, *Collins v. State,* 184 Ark. 20, 41 S.W. 2d 781. It virtually goes without saying that direct evidence of the requisite intent is indeed rare in a case of this nature. Intent is a state of mind which is not ordinarily capable of proof by direct evidence, so it must be inferred from the circumstances; and, generally, circumstantial evidence is the only means of proof available. *McCrary v. State,* 124 Ga. App. 649, 185 S.E. 2d 586 (1971); *Webb v. Commonwealth,* 122 Va. 899, 94 S.E. 773 (1918); *Johnson v. State,* 451 P. 2d 391 (Okla. Cr., 1969); *Derrisaw v. State,* 29 Okla. Cr. 377, 234 P. 230 (1925); *Carpenter v. Commonwealth,* 323 S.W. 2d 838 (Ky., 1959). Still, all of the elements of the crime of theft may be shown by circumstantial evidence. *Watson v. State,* 125 Ark. 597, 187 S.W. 434.

Regardless of any statutory presumption, the evidence would be sufficient to sustain the judgment in this case, if the circumstantial evidence affords a sufficient support for a find-

ing that appellant intended to deprive the owner of the cigarettes. See *Bond* v. *State,* 230 Ark. 962, 328 S.W. 2d 369; *Kemp* v. *State,* 146 Fla. 101, 200 So. 368 (1941). Evidence of concealment of the property may constitute evidence of a felonious intent, depending upon the surrounding circumstances. See *State* v. *Aten,* 203 Kan. 920, 457 P. 2d 89 (1969); *Byrd* v. *State,* 178 Miss. 252, 173 So. 282 (1937); *Commonwealth* v. *Dock,* 146 Pa. Super. 16, 21 A. 2d 429 (1941). But in order for circumstantial evidence to be sufficient to support a finding of guilt in a criminal case, it must exclude every other reasonable hypothesis consistent with innocence. *Henley* v. *State,* 255 Ark. 863, 503 S.W. 2d 478. The question whether the evidence does exclude every other reasonable hypothesis is usually for the fact finder. *Abbott* v. *State,* 256 Ark. 558, 508 S.W. 2d 773. But it must give rise to more than suspicion and the fact finder must not be left to speculation and conjecture in arriving at its conclusions on the question. *Upton* v. *State,* 257 Ark. 424, 516 S.W. 2d 904. It is the duty of this court to set aside a judgment based upon evidence that did not meet the required standards and left the fact finder only to speculation and conjecture in choosing between two equally reasonable conclusions, and merely gave rise to a suspicion of guilt. *Jones* v. *State,* 246 Ark. 1057, 441 S.W. 2d 458.

We agree with the trial court that the evidence tending to show theft raised a strong suspicion of a guilty intent. Still, we think that the trial judge was only left to speculation and conjecture in reaching the conclusion that appellant had the intent to deprive the owner of its property. If there had been any evidence of an overt attempt to pass the check-out station without paying for the cigarettes, or, if appellant had been accused of trying to steal the cigarettes, even inferentially, before she passed them to her sister, we would have a different situation. Even though there may have been a trespass in this case, we feel that it is our duty to set this conviction aside. We also have no alternative to dismissing the charge to avoid appellant's being put in double jeopardy. *Pollard* v. *State,* 264 Ark. 753, 574 S.W. 2d 656.

The judgment is reversed and the case dismissed.

We agree. HARRIS, C.J., and HOLT and HICKMAN, JJ.