Ernest SIMS *v.* STATE of Arkansas

CR 79-74                                   585 S.W. 2d 924

Opinion delivered September 4, 1979
(Division I)

*John Achor*, Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was found guilty by a jury of both burglary and theft of property (a misdemeanor) and was sentenced to imprisonment for 40 years in the state penitentiary for burglary[1] and 12 months in the county jail for theft. On this appeal, he questions the sufficiency of the evidence to support the verdict. Appellant contends that the circumstantial evidence was sufficient only to raise a suspicion of his guilt, but not to support a reasonable conclusion of guilt. His first argument is based upon the lack of evidence on certain points. These evidentiary deficiencies were certainly sufficient basis for an argument to the jury on the question of reasonable doubt. They were:

1. No evidence by any showing of a similarity in size, tread design or otherwise, tending to establish that the footprints observed at and around the scene of the crime were made by appellant's shoes.

2. No evidence placing appellant inside the burglarized warehouse from which the theft was made.

3. No evidence of appellant's having possession or exercising unauthorized control over any of the property missing from the warehouse or having operated the vehicle in which some of the missing property was found.

4. No fingerprints being offered into evidence in spite of the fact that an air conditioner that was recovered was inspected for fingerprints.

Even though there was no direct evidence of any of the above listed items, when the evidence is viewed in the light most favorable to the state, there was a reasonable basis for the jury's conclusion that appellant entered the Weyerhauser warehouse in North Little Rock with the purpose of committing theft of property therein and that he did commit the

---

[1]The jury found that Sims had been convicted of four prior felony offenses.

theft. Viewed in that light, it was shown that:

At about 7:20 p.m. on July 10, 1978, Harold Propps, the warehouse foreman of the Weyerhauser Company in North Little Rock, went to pick up his lunch box, which he had forgotten to take home with him. The building had been closed since 4:30 p.m. Propps heard a noise inside the building and then discovered that his lunch box had been rifled. He stepped outside and again heard a noise. The first noise was like that of a train. The second was like a door being opened or closed. Propps then called the police, who arrived within two or three minutes. Propps saw a hole in the wall of the warehouse and pieces of sheetrock, the largest of which was about two feet square, lying around. He discovered an air conditioner was missing from the office and a tool box and CB radio, from the truck he had used that afternoon. The trucks are kept inside the locked warehouse.

Patrolman Leone and Officer Sipes responded to the call by Propps. They found a hole, about three feet square, in the inside west wall of the warehouse and a piece of sheetrock lying on top of some building materials. They also found a white "powdery" substance in the area. They saw footprints made by a "sneaker-type" shoe on the sheetrock, building materials and in the dirt near an exit door at the west end of the building. The officers followed the footprints for about 50 feet to a viaduct, where they found the air conditioner identified by Propps, propped against a concrete pillar. They continued to follow the footprints and found that they led to an automobile, parked about 75 feet away in the Weyerhauser parking lot. This automobile bore a license plate issued to Ernest Sims. As the officers made a visual inspection of the vehicle, Leone observed appellant, Ernest Sims, walking very slowly across the overpass of the viaduct. As Sims walked away from the officers, he kept turning and looking back at them. About 30 minutes later appellant Sims and another man drove up in an automobile. Sims said he had come to "jump-start" his car, which he said had broken down.

In answer to an inquiry by Leone, Sims said he owned the automobile. Leone observed that Sims was wearing a "sneaker-type" shoe. Leone had called for a city wrecker to remove the automobile before Sims returned. Leone placed Sims under arrest and impounded the automobile. In its truck, he found a tool box and CB radio, which were identified by Propps as the property he had described as missing. Leone had observed a white "powdery" substance in Sims' hair at the time of the arrest. Leone was able to start Sims' automobile, without any difficulty, by the use of an ignition key he found on Sims' person.

Appellant argues that this evidence left the jury to speculation and conjecture only in arriving at its verdict. He suggests that many reasonable hypotheses consistent with his innocence may be imagined, but he does not suggest one. The evidence was such that the question whether it excluded every other reasonable hypothesis was for the jury. See *Smith v. State*, 264 Ark. 874, 575 S.W. 2d 677; *Abbott v. State*, 256 Ark. 558, 508 S.W. 2d 733. Consequently, there was no error in denial of appellant's motion for a directed verdict.

The judgment is affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.