

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–432

| | | |
|---|---|---|
| | | **Opinion Delivered** DECEMBER 2, 2015 |
| JACKIE LEE LEMLEY | | APPEAL FROM THE DREW |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR-14-74-3] |
| V. | | |
| | | HONORABLE ROBERT BYNUM |
| | | GIBSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED |

### KENNETH S. HIXSON, Judge

Appellant Jackie Lee Lemley was convicted of unauthorized use of a vehicle and first-degree criminal mischief following a jury trial in Drew County. The appellant appeals the conviction for first-degree criminal mischief but does not appeal the conviction for unauthorized use of a vehicle. The appellant was sentenced to the maximum of fifteen years in prison and a $10,000 fine. Appellant's sole argument on appeal is that there was insufficient evidence to sustain his criminal-mischief conviction because the State failed to prove that he was the person who damaged Christin Brazier's 2004 gold Pontiac Grand Am. We reverse.

The method of challenging the sufficiency of the State's proof in a jury trial is by a motion for directed verdict. *Hutcheson v. State*, 92 Ark. App. 307, 213 S.W.3d 25 (2005). When reviewing the sufficiency of the evidence, we consider only the evidence that supports the verdict and view it in the light most favorable to the State. *Spight v. State*, 101 Ark.

SLIP OPINION

App. 400, 278 S.W.3d 599 (2008). Evidence is sufficient if it is of sufficient force and character that it will compel a conclusion with reasonable certainty. *Id.* Evidence may be direct or circumstantial, and circumstantial evidence may constitute substantial evidence to support a conviction. *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001). Guilt can be established without eyewitness testimony, and evidence of guilt is not less because it is circumstantial. *Id.* Such evidence, however, must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Coggin v. State*, 356 Ark. 424, 156 S.W.3d 712 (2004). The question of whether circumstantial evidence excludes every reasonable hypothesis consistent with innocence is for the jury to determine. *Ross, supra.* If there are two equally reasonable conclusions as to what occurred, this merely gives rise to a suspicion of guilt, which is not enough to support a conviction. *Edmond v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003). It is only every other reasonable hypothesis, not every hypothesis, that must be excluded by the evidence. *Id.* Our court must determine whether the jury resorted to speculation and conjecture in reaching its verdict. *Id.*

Here, the State charged appellant with first-degree criminal mischief, asserting that he purposely and without legal justification caused damage to Ms. Brazier's car. *See* Ark. Code Ann. § 5-38-203(a) (Repl. 2013).[1] Appellant's only argument is that the State failed to prove that he, rather than another person, caused the damage to her car.

---

[1]Appellant was charged with Class D felony criminal mischief because the actual damage was alleged to be between $1000 and $5000. Ark. Code Ann. § 5-38-203(b)(2).

The evidence at trial is recounted here. Christin Brazier knew appellant and allowed him to stay at her residence in Crossett, Arkansas, for a few days in April 2014. Appellant, via text message, asked to borrow Brazier's car on the afternoon of Friday, April 4, to go to his brother's house in Lacey, Arkansas. Brazier gave appellant the keys and told him to be back by dark. When appellant failed to return by dark, Brazier called and sent texts to appellant, and at first he responded. As the evening progressed, Brazier sent multiple texts and left voice messages asking if he was okay, asking him to respond to her, and telling him he needed to return her car. Appellant failed to respond to Brazier. On Saturday morning, Brazier sent a text that if appellant did not return her car, she would report it to law enforcement.

On Saturday evening, the Drew County Sheriff's Department received a phone call reporting that a suspicious vehicle was parked at a residence. James Slaughter, with the Drew County Sheriff's Department,[2] was dispatched to the residence to investigate. Slaughter observed a gold Grand Am and a pickup truck parked near the residence. Slaughter recognized the driver of the gold Grand Am as appellant, but he could not place a name with the driver at that time. Appellant was the only occupant of the Grand Am. The passenger window was down. The officer attempted to initiate a traffic stop, and at first appellant indicated that he would pull over, but instead appellant fled the scene at a high rate of speed, far in excess of the speed limit. Appellant disregarded the law enforcement vehicles in pursuit

---

[2]At the time of trial, Slaughter was employed by the Monticello Police Department.

SLIP OPINION

SLIP OPINION

with blue lights flashing. The chase was ultimately called off for the safety of the officers and the public.

The following evening, at approximately 8:30 p.m. on Sunday, April 6, the gold Grand Am was located on Pleasant Grove Road on the south side of Monticello and approximately two to three miles from where the police chase had ended. The Grand Am had significant damage: ignition wires were cut, the gear shifter was torn, and the trunk had pry marks on it. The passenger window was down, the passenger door was unlocked, it was wet inside because it had been raining, a crow bar was found in the car, and there was a strong odor of gasoline inside the car. The car was towed to a repair shop; the cost to repair was in excess of $1000. The investigation revealed that the gold Grand Am was owned by Christin Brazier, and Ms. Brazier provided the law enforcement officers with details surrounding the Grand Am and appellant's failing to return the vehicle.

Appellant's girlfriend, Stephanie Pickering, testified for the defense. She stated that on that Saturday evening, appellant called her on a cell phone and asked her to pick him up. She said that appellant left the vehicle where she picked him up.

Appellant argues, as he did to the trial court, that the State provided evidence showing that—at worst—appellant was in possession of Brazier's car on that Friday and Saturday, but it failed to link him to the damage done to the car, which was found late in the day on Sunday. Appellant notes that he was in possession of the keys to the car, the damage was inconsistent with having keys to open and start the car, and there was no physical evidence or an eyewitness to substantiate that he was the person who damaged the Grand Am.

Appellant contends that only circumstantial evidence supports the conviction, and it does no more than raise a suspicion of his guilt, failing to exclude every other reasonable hypothesis. The State asserts that, while it is possible that someone other than appellant caused the damage to Brazier's car, it was most likely appellant who damaged the car in an effort to make it appear as though someone else tried to steal Brazier's car.

In the case of *Gregory v. State*, 341 Ark. 243, 248, 15 S.W.3d 690, 694 (2000), our supreme court quoted with approval the following from *Bowie v. State*, 185 Ark. 834, 49 S.W.2d 1049 (1932), regarding the exclusion of every other reasonable hypothesis:

> This demands that in a case depending upon circumstantial evidence the circumstances relied upon must be so connected and cogent as to show guilt to a moral certainty, and must exclude every other reasonable hypothesis than that of the guilt of the accused. Circumstances, however strong they maybe, ought never to coerce the mind of the jury to a conclusion of guilt if they can be reconciled with the theory that one other than the defendant has committed the crime, or that no crime has been committed at all.

We hold that the jury resorted to speculation and conjecture to reach its guilty verdict on the charge of criminal mischief. Appellant did not have permission to have possession of the Grand Am over the weekend. The owner had notified appellant repeatedly that she intended to report the unlawful use of her car to law enforcement, and the evidence reasonably indicated that appellant abandoned the car after being pursued by law enforcement. The car was not found for almost twenty-four hours, and it was located along a public road. Although it is *possible* that appellant purposely damaged Brazier's car, it is equally possible and a reasonable hypothesis that another person did. It is the duty of this court to set aside a judgment based upon evidence that did not meet the required standards and left the fact finder

only to speculation and conjecture in choosing between two equally reasonable conclusions, and merely gave rise to a suspicion of guilt. *Smith v. State*, 264 Ark. 874, 880, 575 S.W.2d 677, 681 (1979); *Jones v. State*, 246 Ark. 1057, 441 S.W.2d 458 (1969).

Because there lacks substantial evidence to support this conviction, we reverse and dismiss the conviction for criminal mischief.

Reversed.

GLOVER and HOOFMAN, JJ., agree.

*Timothy R. Leonard*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.